## D. B. GRIGSBY v. MARY A. MAY.

(Case No. 4575.)

1. PRACTICE — DEPOSITIONS.— An objection to the reading of depositions unless the party offering them should first show that the adversary had been served with notice of the filing of the interrogatories on which they were taken, is an objection pertaining to the manner and form of taking them. Such an objection, after the depositions have been filed one entire day before the day on which the trial commences, must be made in writing and notice thereof given to the opposing counsel before the trial. R. S., art. 2235.

2. SAME — SURPRISE — CONTINUANCE.— See statement and opinion for case in which it was held error not to have continued the cause on account of surprise after sustaining an objection to the reading of depositions.

APPEAL from Dallas. Tried below before A. J. Lathrop, special judge.

Suit in trespass to try title and for partition, brought by the appellants, D. B. Grigsby, C. C. Swindle and his wife, Maria Louisa Swindle, against the appellee Mary A. May, and a number of other persons.

On the trial of the cause certain depositions offered by plaintiffs were excluded, and thereupon plaintiffs moved for a continuance, which was refused, and the cause having been submitted to a jury, a verdict was rendered for defendant and judgment thereon rendered in her favor.

When the depositions excluded were offered by plaintiffs, defendant objected to the reading of them unless plaintiffs should first show that defendant had been served with notice of the filing of interrogatories.

The court sustained this objection and required plaintiffs to make proof of such notice.

The plaintiffs being unable to make such proof, the "defendant thereupon made a verbal motion to exclude said depositions because of the failure on the part of plaintiffs to make said proof of said notice;" and the court "excluded the said depositions because plaintiffs had failed to make said proof of the service upon defendant of such notice of filing the interrogatories and of intention to take the deposition."

After the court had excluded the depositions of D. H. Edens and Lucinda Madden, because plaintiffs had failed to show service on defendant of notice of filing, etc., plaintiffs moved the court to permit them to withdraw their announcement of ready for trial and to continue the cause. This application for a continuance was overruled "because the court held that the allegations contained in said application showed no sufficient ground for granting a continuance."

The application for a continuance was as follows:

No. 2262.
"D. B. GRIGSBY ET AL.
vs.
"W. H. BOWLES ET AL.

"Now come the plaintiffs in the above entitled cause, and move the court to permit them to withdraw their announcement of ready, and to grant them a continuance of this cause as to the defendant M. A. May, because the court has, upon the verbal motion of defendant, excluded the depositions of Lucinda Madden and D. H. Edens, for the reason that plaintiffs are unable to make proof of service upon

said defendant of notice of filing interrogatories upon which said depositions were taken; plaintiffs aver that they cannot go to trial without the said depositions; that plaintiffs claim the land in controversy herein as the heirs of their mother, Louisa Edens, formerly Louisa Grigsby; that in order to establish their title to said land, it is necessary for them to show that said land was a part of the community estate of their said mother and her former husband, John Grigsby, and also to show that they are the children of their said mother, and the number of children that their said mother had; that by said depositions they have fully proved how many children their said mother had; that they are the children of said Louisa Edens, formerly Grigsby; that she is dead, and that the land in controversy was a part of the community estate of their said mother; that they know of no other witnesses by whom they can prove these facts; that they caused these said depositions to be taken for the purpose of proving these facts; that after filing the interrogatories upon which said depositions were taken, and long before the issuance of the commission to take said depositions, plaintiffs had a precept regularly prepared and issued by the clerk of this court and directed to the sheriff or any constable of Dallas county, commanding him to notify the said defendant, who is, and was then, a resident of Dallas county, Texas, that said interrogatories had been filed and that said depositions would be taken; that immediately upon its issuance said precept was placed in the hands of some proper officer to be by him served, but what officer plaintiffs do not now remember; that plaintiffs had made diligent search for said precept, but the same cannot now be found; that plaintiffs do not know of any one by whom they can prove the fact of the service of said precept; that no motion has ever been filed by said defendant to suppress said depositions for want of such notice, although said depositions have been on file among the papers of this cause since the 1st day of November, A. D. 1879; that plaintiffs had no notice before the commencement of this trial that defendant would object to said depositions on account of a want of such notice, and plaintiffs have been surprised by the ruling of the court in requiring plaintiffs to make proof of such notice, and in sustaining the verbal motion of defendant to exclude said depositions for want of said proof of said notice. Plaintiffs aver that the said Lucinda Madden and D. H. Edens are now, and have been since the institution of this suit, residents of Houston county, Texas, and are not now in Dallas county; that plaintiffs will have the testimony of said witnesses by the next term of this court, that this application for a continuance is not made for delay, but

that justice may be done. This application is made and sworn to by Jeff. Word, Jr., and Richard Morgan, attorneys for plaintiffs, because the said plaintiffs are not present. They do not reside in Dallas county, and are not now in Dallas county. .

                                               "JEFF. WORD, JR.

                                             "RICHARD MORGAN.

"Sworn to and subscribed before me.

                   "H. W. JONES, Clerk,

                          "Dist. Court, Dallas Co."

*Richard Morgan* and *Jeff. Word, Jr.,* for appellants.

*Stemmons & Field,* for appellee.

BONNER, ASSOCIATE JUSTICE.— We are of opinion that the objection to the depositions of D. H. Edens and Lucinda Madden was one which pertained to the form and manner of taking; and as the depositions had been on file for more than one entire day, and as the objection was not made in writing, it should have been overruled under the provisions of our statute. R. S., art. 2235; Pasch. Dig., art. 3742; Kottwitz *v.* Bagby, 16 Tex., 659; Garner *v.* Cutler, 28 Tex., 182.

There was error in the action of the court in sustaining an oral objection to the depositions, for which the judgment must be reversed.

The court also erred in overruling the motion of plaintiffs to withdraw the announcement of readiness for trial, and continue the case, based upon the erroneous ruling above stated. The depositions had been on file for over two years, and no objection was made to the same until offered in evidence on the trial. Under the circumstances, the plaintiffs could well claim that they had been taken by surprise, and as the affidavit for continuance showed the materiality of the evidence, and was otherwise sufficient, the motion should have been sustained. For these errors, the judgment below is reversed and the cause remanded.

                                    REVERSED AND REMANDED.

[Opinion delivered June 13, 1882.]