## C. M. MANN v. J. M. MATHEWS ET AL.

### No. 6899.

1. **Depositions.**—That a party was not served with notice of taking depositions is an objection going to the form and manner of taking the depositions.

2. **Amendment after Citation—Notice.**—In action for recovery of land a warrantor of defendants was made a party by the defendants. He waived citation and filed no pleadings. At a subsequent term the defendants by amendment set up the amount and payment of their purchase money, and asked judgment against their warrantor. It is held error to render judgment upon the warranty, it not appearing that notice of the amendment was served or waived.

3. **New Cause of Action.**—The grounds for recovery upon a warranty upon its breach constitute an additional cause of action to the calling into the case of the warrantor by his vendee when sued for the land.

4. **Case Adhered to.**—Brown v. Hearon, 66 Texas, 63, adhered to in holding that interest commensurate with liability for rents and mesne profits can only be allowed upon a warranty of title to land upon the breach of such warranty.

ERROR from Coleman. Tried below before Hon. C. H. JENKINS, Special District Judge appointed by the Governor.

The opinion states the case.

*Martin & Strong*, and *Ledbetter & Randolph*, for plaintiff in error.— Judgment by default upon an amended pleading setting up a new cause of action without notice of said pleading to adverse party is void. King v. Goodson, 42 Texas, 153; De Walt v. Snow, 25 Texas, 321; Morrison v. Walker, 22 Texas, 18; Hutchinson v. Owen, 20 Texas, 287; Weatherford v. Van Alstyne, 22 Texas, 22; McMillan v. Jones, 66 Texas, 100.

*H. T. Sims*, for defendants in error.—The judgment recites an appearance by all parties, plaintiff and defendants, in person and by attorney, and an announcement of ready for trial on the merits and waiver of jury and submission of cause to the court on the law and facts. The note for balance of purchase money due and belonging to plaintiff in error was produced and filed in court for cancellation. Fitch v. Boyer, 51 Texas, 336; Tennell v. Breedlove, 54 Texas, 540; Wallace & Co. v. Bogel & Bro., 62 Texas, 636; Freem. on Judg., secs. 124, 125.

MARR, JUDGE, *Section A.*—Sevina Lyon and others sued J. M. Mathews and his wife Amanda T., and W. T. Reese, R. C. Coffee, and M. D. O'Connor, to recover 960 acres of land in the name of James Greenwood. They obtained judgment below against defendants in error Mathews and wife for 629 acres of said land, but the defendants Reese and Coffee recovered the portions of the land claimed by them respectively, viz., Reese 181 acres and Coffee 150 acres. This land had been acquired from or under J. M. Mathews and wife by the last

named defendants. The entire tract of 960 acres had previously been conveyed to the wife Amanda T. Mathews by the plaintiff in error C. M. Mann, with a general warranty title. They vouched him in the court below and obtained judgment for $2108, etc., as purchase money, with interest, paid him for the 629 acres of land recovered from them by the plaintiffs in this suit. He made no defense in the court below, and he alone prosecutes the writ of error.

There is no bill of exceptions in the record. The only statement of facts is a brief statement made by the court in compliance with the statute in reference to defendant O'Connor, who had been cited by publication, and relates only to the proof of the heirship of the plaintiff, etc.

The first assignment of error may be dismissed with the remark that the record does not show that the depositions of Sevina Lyon and others were offered in evidence against the plaintiff in error, or if so that he objected or excepted. The objection now urged is that he had no notice of the filing of the interrogatories. This went to the form and manner of taking the depositions any way.

The second assignment of error is well taken. It is to the effect that the first amended answer of the defendants in error, claiming judgment over against the plaintiff in error as warrantor, in the event that they should be evicted from any of the land, set up a new cause of action, not pleaded in the original answer, and of which the plaintiff in error had not notice, and therefore the court erred in allowing a judgment thereon by default against the warrantor for the purchase money. While the judgment rendered against the plaintiff in error upon the warranty is not in the usual form of one by default, still we think it should be so regarded when construed altogether and in connection with the balance of the record. The record contains no answer for the warrantor, and the judgment does not recite that he appeared in person or by attorney. The recitations have reference to the filing of the waiver by him of citation upon the petition of the plaintiff, and upon the original answer impleading him as a party to the suit. About a year afterward defendants in error filed their first amended answer against him (upon which the judgment was taken), and if a new cause of action was then set up the plaintiff in error should have been regularly notified thereof. Was there a new cause of action? The original answer only vouched the warrantor in order that he might defend the suit against the plaintiffs who claimed title to the land warranted, but did not state what had been paid for the land nor ask any judgment against the warrantor upon a breach of the covenant for the purchase money. The only effect of thus impleading the warrantor was to require him to defend the suit against the plaintiffs, and to bind him in case a judgment of eviction should be rendered. Clark v. Mumford, 62 Texas, 531; 65 Texas, 265. By the amended answer, the de-

fendants in error (Mathews and wife) alleged specifically the amount of the purchase money, the dates of payment, and other facts showing the liability of Mann upon the covenants of warranty, and then for the first time prayed for a personal judgment against him in case the land should be recovered by them. This constitutes a new cause of action, different from that of the original answer, and the warrantor should have been given notice thereof. De Walt v. Snow, 25 Texas, 320; Morrison v. Walker, 22 Texas, 18.

There are two other questions which, in view of another trial, we will notice briefly. It is claimed that the amount awarded by the court upon the breach of warranty is excessive. In the absence of a statement of facts this is not made to appear. The amount of recovery as shown by the judgment was determined by the court below "upon a reasonable valuation of the land and apportioning of the purchase money." This was equitable and the correct practice, if the proof showed a difference in the value of the land lost by Mathews and wife and that recovered by Reese and Coffee under them in this suit. Field on Dam., sec. 475. It is also insisted that the court erred in allowing the defendants in error to recover interest upon the purchase money, because they had been in possession of the land and were not required to pay rents or damages to the plaintiffs below by the decision of the court. If the warrantees were in the possession of and enjoying the land from which they are now evicted, and not liable for the rents to the owners of the land, then interest on the purchase money during that time should not be allowed, but there is no sufficient proof before us of such possession or of the character of the land, and consequently the error is not manifest. Brown v. Hearon, 66 Texas, 63; Field on Dam., sec. 466.

Because the plaintiff in error was not cited to answer the amended answer of his warrantees, and therefore has not had "his day in court," we are constrained to hold that the judgment ought to be reversed and the cause remanded in so far as Mathews and wife recovered a personal judgment for money upon the warranty against the plaintiff in error; but that as he had full notice of the suit and the petition of the plaintiffs below to recover the land, the judgment in reference thereto should in all respects be affirmed.

*Affirmed.*