## LIQUID CARBONIC CO. v. HEAD et al.
### No. 7646.

Court of Civil Appeals of Texas. Austin.
Jan. 13, 1932.

Rehearing Granted in Part and Overruled in Part March 23, 1932.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, for plaintiff in error.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for defendants in error.

BAUGH, J.

Mary E. Head sued W. H. Logan, her tenant, for rents and for foreclosure of her landlord's lien on his furniture, fixtures, and stock of merchandise located in a building in the city of San Angelo owned by her and leased to him. In her first amended original petition, copy of which was served on plaintiff in error, she named as codefendants with Logan the Huey-Philips Hardware Company, West Texas Utilities Company, and Liquid Carbonic Company, alleging that they were asserting some character of claim or right against some part of the fixtures of said building, but that said claims, if any, were inferior to and subordinate to her landlord's lien. She alleged past-due rents in the sum of $615, asked judgment for same, and for foreclosure of her landlord's lien. This amended petition was filed on July 21, 1930, and contained no description of any of the property sought to be subjected to her lien.

On August 12, 1930, she filed a second amended original petition in which W. L. Logan was made an additional party defendant, past-due rents in the sum of $865 were

sued for, alleged that a distress warrant had been sued out and all property situated in said building, fully describing same by items, had been seized, asked for a foreclosure of her lien thereon as against all defendants, and asked for appointment of a receiver with power to sell said property before judgment. Plaintiff in error was not served with any notice of this amendment.

W. L. Logan, the new defendant, filed a cross-action against W. H. Logan for $1,000, evidenced by a note executed by W. H. to W. L. Logan, secured by a mortgage on a part of the furniture and fixtures in said building, and sought a foreclosure of his mortgage lien thereon as against the plaintiff Mary E. Head and all other defendants. Plaintiff in error had no notice of this cross-action of W. L. Logan.

Plaintiff in error did not answer. Judgment was rendered on November 10, 1930, as follows: Huey-Philips Company was dismissed, judgment entered in favor of Mary E. Head against W. H. Logan for $2,000, in favor of W. L. Logan against W. H. Logan for $1,000, establishing and foreclosing the mortgage lien of W. L. Logan on the furniture and fixtures described in his mortgage, establishing and foreclosing a landlord's lien in favor of Mary E. Head against all defendants on all the other property in said building, and ordering sale thereof in accordance with said judgment. On December 18, 1930, the mortgaged furniture and fixtures were bought in at sheriff's sale by W. L. Logan on his $1,000 judgment, at $50; and all the remaining furniture, fixtures, and the stock of merchandise seized by the sheriff were bid in for $50 by Mary E. Head on her $2,000 judgment against W. H. Logan.

Since we have concluded that reversal is necessary under the first contention made by plaintiff in error, and that the other matters complained of will probably not arise upon another trial, we shall discuss only the first proposition; that is, that plaintiff in error was entitled to have notice of the second amended original petition above referred to, and of the cross-action of W. L. Logan.

It is clear, we think, that the plaintiff's second amended original petition set up a new cause of action so far as plaintiff in error was concerned, and authorized a more onerous judgment against plaintiff in error than did the first amended petition with which it was served. Under the first amended petition only $615 in rents were claimed, and no description whatever of the property of W. H. Logan situated in said building was given whereby plaintiff in error could determine whether the portion on which it may have claimed a lien was included. In any event, it had a right to assume, in failing to answer in said suit, that,

under the pleadings of which it had notice, Mary E. Head would take judgment for only $615, and subject said property to her lien only to that extent, leaving the liens of the other defendants in force as to any and all other property in excess of that necessary to satisfy her debt. The second amended pleading not only increased that amount to $865, but made W. L. Logan an additional party, who in turn set up liens to the extent of $1,000 additional, showed seizure of said property under a distress warrant, asked for appointment of a receiver to sell said property, and for foreclosure of her lien as against all defendants. Instead of a judgment for $615 declaring a lien on said property, the judgments rendered in favor of Mary E. Head and W. L. Logan aggregated $3,000, for which liens were established and foreclosed. The record also shows that all of said furniture, fixtures, and stock of merchandise were sold to these two creditors for an aggregate sum of $100, obviously an inadequate price. The nature, character, nor extent of plaintiff in error's lien is not shown, nor to what property it attached; but it is obvious that its security was measurably reduced by an increase of prior liens on said property from $615, all that was claimed in the citation served upon it, to $3,000, for which judgment was rendered under the amended pleadings, of which it had no notice.

Increasing the amount of plaintiff's demand or adding a new party defendant by amendment or intervention by a third party have all been held to require additional notice to a defendant already served in order to sustain a default judgment against him on the original service. Hittson v. Gentry, 2 Tex. Civ. App. 670, 22 S. W. 70; Roller v. Ried, 87 Tex. 71, 26 S. W. 1060; Mann v. Mathews, 82 Tex. 98, 17 S. W. 927. And an amended pleading which authorizes a more onerous judgment against a defendant than the pleading with which he was served would sustain has been held to constitute a new cause of action requiring additional notice to such defendant. S. A. U. & G. Ry. Co. v. Hales (Tex. Civ. App.) 196 S. W. 903; Young v. City Nat'l Bank of Galveston (Tex. Civ. App.) 223 S. W. 340.

Nor could a remittitur filed by plaintiff after the judgment was rendered, all the property sold, and writ of error applied for, cure the error. Plaintiff in error was entitled to an opportunity to protect its security before judgment and before sale thereof by the sheriff under the judgment. A remittitur afterwards offers it no opportunity to do so.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.

### On Motion for Rehearing.

Prior to the submission of this case, defendants in error filed four motions; two for certiorari, one to dismiss the appeal, and one to strike out the transcript. These were disposed of when the case was decided, and our action noted on the motion docket, but not discussed in our opinion. We now indicate our reasons for our action thereon.

The first motion for certiorari was to show proper issuance and service of citation on two of the defendants. That motion was granted. The second motion for certiorari was to bring up as a part of the record, distress warrant proceedings had in the justice court, and filed in the district court prior to trial, under which Mary E. Head seized furniture, fixtures, and stock of goods therein shown, situated in the leased buildings. This was obviously for the purpose of showing the bond made by Mary E. Head in such distress proceeding, on which Percy J. Head and Thomas H. Head were sureties; for concurrently with such motion for certiorari was filed another motion to dismiss the writ of error on the ground that Percy J. and Thomas H. Head were necessary parties to said suit, and were not made parties to the writ of error proceeding. We overruled both of said motions for the reason that we did not consider said sureties as necessary parties to this suit. Defendant in error relies on cases holding that sureties against whom judgment has been rendered are necessary parties to an appeal; and that sureties on a replevy bond are parties adversely interested, and therefore necessary parties to a suit. These cases do not furnish an analogy to a distress proceeding. In case of an adverse judgment in the principal suit, where the property involved is replevied, the court is directed by statutes to render judgment also against the sureties on the replevy bond, without citation or further notice to them. R. S. arts. 302, 5232, 6852, 6857. Whereas article 5228, R. S., prescribing a bond for a landlord in suing out a distress warrant expressly provides: "In case the suit shall be finally decided in favor of defendant, he may bring suit against the plaintiff and his sureties on such bond, and shall recover such damages as may be awarded to him." Under the statute, no judgment could have been rendered against the sureties on said bond even if defendant in error had lost her suit against her tenant, in the absence of a separate pleading seeking such relief by cross-action or separate suit of the defendant against such sureties, and then conditioned upon final judgment first rendered against their principal. They were not therefore necessary parties to the suit in the lower court, nor to this appeal.

Defendant in error's next motion was to strike out the transcript because same included affidavits as to facts, and copies of instruments filed by plaintiff in error in the court below subsequent to the date of the judgment. This motion was granted to the extent that all documents so filed by plaintiff in error subsequent to the date of the judgment were stricken out; and same were not considered by us in passing upon this appeal.

Defendant in error also complains of the reversal of the case as to all defendants below. As to the Huey-Philips Company, which was dismissed, and as to the West Texas Utilities Company, which did not answer, we think defendant in error is correct. No reason appears for reversal as to these defendants, and as to them the judgment is affirmed. As to the other defendants it should be reversed. To the extent above indicated, the motion is granted. In all other respects it is overruled.

Granted in part, and in part overruled.