## LIQUID CARBONIC CO. OF TEXAS v. LOGAN et al.

Motion No. 7972; No. 8029.

Court of Civil Appeals of Texas. Austin.
Jan. 16, 1935.

Rehearing Denied Feb. 13, 1935.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, for appellant.

Kerr & Gayer, of San Angelo, for appellees.

McCLENDON, Chief Justice.

This is the second appeal of this case [See former opinion Liquid Carbonic Co. v. Head (Tex. Civ. App.) 48 S.W.(2d) 464]. The instant contest is between appellant, holder of a purchase-money chattel mortgage on soda fountain fixtures, and Mrs. Head, holder of a landlord's lien on the fixtures, which, however, was inferior to appellant's. The latter recovered a personal judgment (without foreclosure) against Logan, the tenant, for the unpaid balance of its chattel mortgage debt. Mrs. Head was awarded title to the fixtures under a plea of limitation of two years. The case was tried upon an agreed

statement of facts; and the sole question presented is whether the limitation plea is supported by the record. The controlling facts follow:

Appellant's mortgage provided for partial payments maturing July 5, 1929, and monthly thereafter. The suit was brought by Mrs. Head against the tenant and others, including appellant, to foreclose her landlord's lien, and resulted in judgment by default against appellant on November 10, 1930. The property was sold under execution and bought in by Mrs. Head for $50 on December 19, 1930. On January 21, 1931, appellant sued out a writ of error, resulting in reversal of the trial court's judgment. Liquid Carbonic Co. v. Head (Tex. Civ. App.) 48 S.W.(2d) 464. Mrs. Head applied to the Supreme Court for writ of error, which was dismissed. On January 2, 1933, appellant filed an answer and cross-action upon its debt and lien. June 3, 1933, Mrs. Head filed an amended petition, in which for the first time she asserted title to the property by limitation; her prior pleadings being predicated upon her landlord's lien. This pleading is an alternative one, and in substance alleges that about June 1, 1930, the tenant (appellant's mortgagor) abandoned the property in question, and that Mrs. Head thereupon took possession thereof and has since held possession adversely to appellant and all the world. The agreed statement of facts in this regard is to the effect that the controversy between Mrs. Head and the tenant (and others not necessary to note here) was settled under the terms of the judgment of November 10, 1930, under which an order of sale was issued and the property was purchased by Mrs. Head "and possession thereof was turned over to her, and she has had possession of such property in her building since said time, claiming it as her own, and that on December 19, 1930, Mr. A. H. Armstrong, representing the Liquid Carbonic Company, was notified of such sale, possession and claim." The agreement further recites:

"That the possession taken by the plaintiff, Mrs. Mary E. Head, as set forth hereinabove, was an actual and visible appropriation of the property commenced and continued under a claim of right inconsistent with and hostile to the claims of all others, that such possession and claims since that date have been continuous; that no other suit or suits have ever been instituted against her to recover the possession or to foreclose any lien or liens on said property or any part thereof by defendant Liquid Carbonic Company, except as known to the court in this case.

"That defendant, Liquid Carbonic Company, received notice on December 19, 1930, that plaintiff, Mrs. Mary E. Head, was claiming the property then in her possession on general principals, and that she did not recognize the validity of said defendant's mortgage, but that defendant Liquid Carbonic Company had never received notice of any particular claim on the part of plaintiff, Mrs. Mary E. Head, by reason of which she could or might have then had any valid right to said property or any part thereof unincumbered by the chattel mortgage of Liquid Carbonic Company, except as pleaded in this case and shown by the orders, judgments, writs, and returns herein, and those other papers which may be hereto attached and incorporated in this agreement.

"It is further agreed that on November 10, 1930, W. H. Logan turned over said property to the plaintiff, Mrs. Mary E. Head, in payment of the rent then due Mrs. Head and in satisfaction of her landlord's and chattel mortgage liens, said turning over and transferring taking place by parole and consummated by the order of sale and sale thereunder as hereinabove set out and of which transfer the Liquid Carbonic Company has not heretofore been advised of, except as contained in the pleadings."

■ We are unable to conclude from the above statement that Mrs. Head acquired any title to the property by limitation. When she filed the suit against appellant, asserting the superiority of her landlord's lien to any claim which it might have, she put in issue the validity of its claim, and the judgment which she recovered was, until set aside, a complete bar to any action it might bring for the property. When that judgment was set aside by this court, it destroyed the title which Mrs. Head acquired to the property under the execution sale, and left the matter in the same status it was prior to the rendition of that judgment. See Cleveland v. Tufts, 69 Tex. 580, 7 S. W. 72; also 3 Tex. Jur., pp. 1333–1338, §§ 935–38.

■ In so far as concerns appellant's cross-action and its right to affirmative relief, it may be conceded that limitation was not tolled by the filing of Mrs. Head's suit. This cross-action, however, was predicated upon an instrument in writing, as to which the four-year statute applied (Rev. St. 1925, art. 5527), and was filed well within the limitation period. The lien followed the debt, and was not barred so long as the debt was not barred. The only theory upon which limitation could be asserted would be as regards

634

the title to (not the lien upon) the property; and, as stated above, we are clear in the view that, since Mrs. Head brought suit, not for title, but to foreclose her lien, and in the suit put in issue appellant's claim, and recovered judgment of foreclosure against it, she could not assert a limitation title to the property wholly inconsistent with the theory upon which she brought the suit and upon which she obtained judgment and possession through foreclosure under a sheriff's deed.

There is another equally valid ground which defeats appellee's recovery. The agreed statement shows that, in so far as her possession was obtained directly from the tenant, it was in parol and was "consummated by the order of sale and sale thereunder," and that the only notice appellant had of her claim was what the record showed. One who purchases mortgaged chattels from the mortgagor or under execution against him only acquires the equity of redemption; that is, the legal title subject to the mortgage debt. Brooks v. Lewis, 83 Tex. 335, 18 S. W. 614, 29 Am. St. Rep. 650. There was nothing tortious in Mrs. Head's possession, so far as appellant was concerned; and, in so far as it may be regarded as hostile, such hostility was referable to and consistent with her claim of title under her judgment of foreclosure purchase, which she vigorously asserted until it was set aside by this court and review was denied by the Supreme Court. Her title and possession, acquired from the mortgagor, was only his title and possession. She stood in his shoes as regards the property, clothed with every right thereto which he had, and subject to every charge and liability against it in his hands. Skaer v. Bank (Tex. Civ. App.) 293 S. W. 228 (error refused). So long as the debt was not barred, the lien securing it was not barred; and appellee could not, in any event, acquire a title by limitation independent of the lien, without notice of such claim brought home to appellant, which notice the record negatives.

In so far as title to the property in issue is decreed in Mrs. Head as against appellant, the trial court's judgment is reversed, and the cause is remanded, with instructions to the trial court to enter judgment of foreclosure upon the mortgaged property in favor of appellant for the amount of its judgment, such foreclosure to be superior to the title or claim of Mrs. Head or any other party to the suit. In other respects, the trial court's judgment is undisturbed.

Reversed and remanded in part and in part affirmed.

### On Motion for Rehearing by Appellee Mrs. Head.

The only point in the motion for rehearing which we find it necessary to discuss is one raised for the first time in the motion. It is there asserted that we erred in holding appellant bound by the judgment in the first appeal, because "Liquid Carbonic Company," a foreign corporation, and not appellant "Liquid Carbonic Company of Texas," a Texas corporation, was sued therein; and that appellant did not appear and was not brought into the case until it was sent back to the trial court. There is nothing in the record in the present appeal to support this contention, and it may be seriously questioned whether, at this late stage in the proceedings, we are authorized to consider it.

We have, however, made a careful examination of the record upon the former appeal, from which we make the following pertinent statement:

Appellee (plaintiff below) filed an original and a first and a second amended original petitions, in each of which she sued "Liquid Carbonic Company, a foreign corporation." The citation commanded summons for "Liquid Carbonic Company," and the sheriff's return showed service upon "Liquid Carbonic Company, a corporation, by delivering same to Henry Guttman its manager in Dallas, Dallas County, Texas, in person." The petition for writ of error, supersedeas bond, and assignments of error were filed by "Liquid Carbonic Company of Texas." Attached to these assignments were three exhibits: (1) Certified copy of the chattel mortgage which was in the form of a shipping order, addressed to "Liquid Carbonic Company of Texas, a corporation, Chicago, Ill."; (2) copy of the charter of "The Liquid Carbonic Company of Texas," certified by the Texas secretary of state; (3) affidavits showing that said corporation was the owner and holder of the chattel mortgage. Appellee made a motion to strike these exhibits from the record, which the trial court denied because the jurisdiction of the appellate court had already attached. This motion was renewed in this court and granted. See opinion on rehearing, Liquid Carbonic Co. v. Head (Tex. Civ. App.) 48 S.W.(2d) 464, 466, The instant motion asserts: *"There is an Illinois corporation by this name. A certified copy of its charter is in the first transcript."* (Italics are appellee's.) And: "Appellant filed certified copies of two charters in the first transcript and filed an affidavit that the Texas corporation owned the notes." There is no warrant for this assertion in so far as

it relates to any corporation other than "The Liquid Carbonic Company of Texas," a Texas corporation. Copy of only one charter was filed, and the only specific references we have been able to find in the record to a foreign corporation are those above referred to in appellee's original and amended petitions.

■■ The sixth assignment of error on the former appeal reads: "That the service had upon Liquid Carbonic Company was insufficient to support a default judgment against it for the reason that the correct corporate name of this defendant is the Liquid Carbonic Company of Texas, and it is a Texas Corporation, though referred to in plaintiff's petition as a foreign corporation, as is established by the certified copy of said defendant's charter as issued by the Secretary of State for the State of Texas, which is attached hereto and made a part hereof and is marked 'Exhibit B', and service of citation was had by delivering to 'Liquid Carbonic Company, a corporation by delivering the same to Henry Guttman, its manager in Dallas County, Texas,' a copy of the citation with a certified copy of plaintiff's First Amended petition attached and service upon the manager of such a corporation is insufficient to support the judgment rendered herein against it."

In opposition to this assignment appellee asserted that "such service will support a default judgment, and if plaintiff in error was not a foreign corporation it could have shown that fact by plea in abatement, but not having plead misnomer, it cannot raise this issue on appeal." Among other supporting authorities is Duncan v. Smith Brothers Grain Co., 113 Tex. 555, 260 S. W. 1027, as to which we quote from appellee's brief on the former appeal: "In the case cited judgment was rendered against an individual when sued as a corporation (Texas Grain & Hay Company), and service was had on him as president of the corporation. The Commission of Appeals held that the judgment was good because he knew it was meant for him in person."

If appellee's present contention is correct, then this court had no jurisdiction upon the former appeal, because plaintiff in error there was not sued, judgment was not rendered against it, and it was no party to the proceeding. If that proposition were correct, then appellee's proper course would have been to move to dismiss the appeal for want of jurisdiction on that ground. This was not done, although appellee did move to dismiss for want of jurisdiction on the ground that the sureties upon her distress warrant bond were not made parties to the supersedeas bond in error. This motion was overruled, as shown in the opinion on rehearing.

It thus appears that upon the former appeal the appellee resisted reversal of the trial court's judgment and asserted its validity against the plaintiff in error there and appellant here, on the express ground that the judgment there was binding upon the appellant, the Texas corporation. While we did not advert to the matter in our former opinion, we nevertheless passed upon it, holding by necessary implication that the judgment set aside was binding upon appellant, and that we had jurisdiction. We reversed the judgment in so far as appellant and appellee were concerned, upon the sole ground of want of service upon the amended petition upon which appellee went to trial. See our former opinion.

In the face of this record showing, appellee is now asserting limitation predicated upon the proposition that appellant was not a party to the proceeding and not bound by the judgment in the first appeal. This proposition cannot be maintained. The issue thus raised is concluded by our former judgment. Moreover, if there were any error in that decision, it was not only invited, but was at the insistence of appellee. Authority to support this view is unnecessary.

The other points in the motion were carefully considered in our original opinion in this appeal.

Motion is overruled.

Overruled.