**STEWART v. DAVENPORT, District Judge, et al.**

**LOWRIMORE et ux. v. STEWART et al.**

**Nos. 13844, 13846.**

Court of Civil Appeals of Texas. Fort Worth.

Sept. 23, 1938.

Rehearing Denied Oct. 28, 1938.

R. N. Grisham and J. A. Lantz, both of Tyler, for A. R. Lowrimore and wife.

Houtchens & Houtchens, Lloyd H. Burns, and J. Harold Craik, all of Fort Worth, for A. F. Stewart.

BROWN, Justice.

The first mentioned cause brings before us an application for a writ of prohibition predicated upon whatever rights the relator. has by reason of the judgment obtained by him in the second mentioned cause, which is before us on appeal from a judgment on the merits. The two causes were by us consolidated.

Respondents, A. R. Lowrimore and wife, secured a judgment, in the District Court for the 91st Judicial District of Eastland County, on June 24th, 1933, against Mrs. Lessie Jones Sanders, for personal injuries, in the sum of $15,000, and immediately on same date obtained an abstract of such judgment which was duly filed for record at about 9:55 A. M. and was recorded prior to 10:30 A. M.

On the 23rd day of June, 1933, Mrs. Lessie Jones Sanders, joined by her husband, executed a deed for the purpose of conveying to the grantee, Annie Strane, three certain tracts of land situated in the town of Ranger, in Eastland County. The consideration is recited to be a "promissory vendor's lien note" in the sum of $25,000, of even date with the deed, and payable on or before five years after date, at Eastland, Texas, with interest at the rate of five per cent per annum from date. This deed was filed for record June 24th, 1933, at 9:50 A. M. and recorded June 27th, at 3:35 P. M. On the said 24th day of June, 1933, immediately after the aforesaid deed was filed for record, A. R. Lowrimore and wife filed suit in the 91st District Court of Eastland County against Lessie Jones Sanders and her husband, and Annie Strane, a feme sole, setting forth the facts above stated, attacking the said deed, as having been executed to defraud such plaintiffs, and to establish and enforce their judgment lien against the said tracts of land as against the Sanders and Annie Strane.

They immediately filed a lis pendens notice, filing same at 2:45 P. M. on said day, and same was recorded at 4:45 P. M. Service of citation was had upon Mr. and Mrs. Sanders, but Annie Strane could not be found, although several citations were issued and service sought.

It appears that the Sanders, on June 23rd, 1936, three years after the aforesaid note was executed by Annie Strane, assigned such note to relator, A. F. Stewart, and on the same day Annie Strane executed a new note, in the sum of $25,000, payable to A. F. Stewart in five annual installments, beginning with June 23rd, 1937. The renewal note is made payable at Fort Worth, Tarrant County, Texas, while the original note was made payable in Eastland County.

The original note was made payable "on or before five years after date." Its maturity date, at the option of the maker, was June 23rd, 1938. The renewal note, being payable in yearly installments, finally matures June 23rd, 1941, excepting for the fact that it contains an accelerating maturity clause, which gave the owner and holder the right to declare the entire note due, upon default in the payment of any annual installment of interest or principal.

This new note thus purported to give relator the right to declare the whole of the debt due after June 23rd, 1937, if Annie Strane defaulted in the payment of either the principal installment, or interest installment, that fell due on June 23rd, 1937.

Here we find a new and material burden cast upon the maker. She has bound herself

to pay the whole debt, immediately after she defaults in respect to installment of principal or interest, on June 23rd, 1937, while under the original note, she had until June 23rd, 1938, in which to pay the principal sum.

It is significant that the renewal note serves to release the original payees, and that no written extension agreement between Annie Strane and relator Stewart was executed and placed of record in Eastland County, where the lands are situated.

On January 27th, 1938, relator brought suit in the 96th District Court of Tarrant County, against Annie Strane, Loss Woods, Sheriff of Eastland County, and Mr. and Mrs. Lowrimore. The allegations of the pleading set forth the execution of the renewal note, the acquisition of the original note, the provisions of the new note, and the default upon the part of the maker in the payments due June 23rd, 1937. Relator seeks to establish his debt and to foreclose his lien. The allegations which concern Mr. and Mrs. Lowrimore are as follows:

"9. Plaintiff would show the court that the defendants, A. R. Lowrimore and wife, Mrs. A. R. Lowrimore, are claiming some right, title and interest in or to said premises under and by virtue of a judgment rendered in a certain cause pending in the 91st District Court of Eastland County, Texas, entitled "A. R. Lowrimore et ux vs. Lessie Jones Sanders et vir", as more fully appears from the minutes of said court. That the lien owned by the plaintiffs as hereinabove described is superior, to any right, title, or interest claimed by the defendants, A. R. Lowrimore and wife, Mrs. A. R. Lowrimore.

"10. Plaintiff would further show the court that on the 10th day of December, 1937, the defendants, A. R. Lowrimore and wife, Mrs. A. R. Lowrimore, caused an execution to be issued in the above described cause, and levied upon the real estate hereinabove described, and the defendant Loss Woods in his capacity as Sheriff of · Eastland County, Texas, has published notice of said sale, as required by law, and is now threatening to and will sell said real estate above described at execution sale on the 1st day of February, 1938, unless restrained from doing so by order of this honorable court.

"11. Plaintiff would show the court that said lands above described in said deed and vendor's lien note is wholly insufficient for the purpose of satisfying plaintiff's said note and lien, and at the present time does not have a reasonable cash market value of more than $15,000.00. That there is no equity in said property over and above plaintiff's lien for which said judgment may be satisfied, and if said execution sale is consummated, plaintiff will suffer an irreparable injury by reason thereof, for which he has no full, adequate and complete remedy at law."

The prayer is as follows:

"Wherefore, plaintiff prays the court that defendant be cited to appear and answer this petition, and that he have judgment for his interest, attorneys' fees, and costs of suit, and for the foreclosure of his lien on the above described land and premises, and that the same be decreed to be sold according to law; that the sheriff or other officer executing said sale shall place the purchaser of said property sold under said order of sale, in possession thereof, within thirty days after the date of sale.

"Plaintiff further prays that this honorable court issue a temporary restraining order enjoining the defendant Loss Woods as Sheriff of Eastland County, Texas, from selling said property at execution sale on the 1st day of February, 1938, or at any other time prior to final hearing of this cause, and for such other and further relief, both general and special, in law and in equity, to which he may show himself entitled."

A "temporary restraining order" being prayed for, the trial court, on the verified petition, made the following order: "The Clerk of this court will issue a temporary restraining order in accordance with the prayer of the above and foregoing petition, enjoining and restraining the defendant, Loss Woods, as Sheriff of Eastland County, Texas, from selling the lands and premises described in the above petition at execution sale on the 1st day of February, 1938, or at any time thereafter prior to final hearing of this cause." The order required a bond. Service of process was had upon the Lowrimores, returnable February 28th, 1938.

On such return day the Lowrimores and Woods, Sheriff, filed a motion to set aside and dissolve the said temporary restraining order, which motion was by written order of the trial court set for hearing March 12th, 1938, at 9:00 A. M., and the attorney for Stewart, in writing, waived

issuance and service of notice on the motion and the hearing thereof.

We have called attention to the fact that Stewart secured no service of process on Annie Strane, and on March 10th, 1938, two days before the motion to dissolve the temporary restraining order was set for hearing by agreement, relator Stewart filed his First Amended Original Petition, and the allegations affecting the Lowrimores and Woods, Sheriff, are as follows:

"9. That defendants, A. R. Lowrimore and wife, Mrs. A. R. Lowrimore, are claiming and asserting some right, title and/or interest in and to said lands and premises above described under and by virtue of a judgment rendered in their favor in a certain cause pending in the 91st District Court of Eastland County, Texas, styled: 'A. R. Lowrimore et ux vs. Lessie Jones Sanders et vir', as more fully appears from the minutes of said court of record in Vol. ——— at page ———, of the District Clerk's office, Eastland County, Texas, to which judgment and the record thereof, reference is here made, and the same is made a part hereof for all necessary intents and purposes hereof.

"10. That the vendor's lien owned by plaintiff herein, as herein elsewhere more fully described, is superior to any right, title and interest or claim of the defendants herein, or any one of them, and that in truth and in fact neither said defendants have any right, title, interest or estate of any kind whatever in the lands and/or premises, above described and referred to.

"11. That on December 10th, 1937, defendants, A. R. Lowrimore and wife, Mrs. A. R. Lowrimore, caused an execution to issue in the above described and referred to cause No. ———, on the dockets of Eastland County, Texas, as above referred to, levied upon the real estate, hereinabove described, and referred to, and defendant, Loss Woods in his capacity of Sheriff of Eastland County, Texas, who is and has for a long time been the duly elected, qualified and acting Sheriff of said County, published notice of said sale, as required by law, and was threatening to, and would have sold said real estate, above described, except he was enjoined and restrained from doing so, by the gracious writ of injunction of this Honorable Court, and would have sold said real estate, above described and referred to, at execution sale on the 1st day of February, 1938, except for the gracious writ of injunction of this

Honorable Court, and pursuant to and upon an application therefor, by plaintiff herein this Honorable Court granted his gracious writ of injunction, enjoining and restraining said Sheriff from selling said property upon said execution sale, February 1st, 1938, or at any other time until the final disposition of this suit, upon plaintiff giving a good and sufficient bond as required by law which plaintiff made and filed, as shown by said injunction proceedings, filed among the papers of this cause, here referred to and made a part hereof for all necessary intents and purposes of this suit, and that the granting of such injunction was necessary to preserve the rights of plaintiff in this cause, in order to preserve his title and also to prevent a cloud from being created thereon.

"12. That said lands, above described and referred to, are wholly insufficient in value for the purpose of satisfying plaintiffs said note and lien, and at the present time does not have a reasonable cash market value of more than $15,000.00 in Eastland County, Texas, where the same is now located, or at any other place, and that unless the gracious writ of injunction of this Honorable Court is left intact, and in full force and effect, plaintiff will suffer great and irreparable loss and injury from which he has no adequate remedy at law; there being no equity in said property over and above plaintiff's lien for which said judgment may be satisfied, and that the defendant, Annie Strane, has no other property within the knowledge of plaintiff herein, in this or any other State out of which any excess judgment could be had, and if said execution sale is consummated, plaintiff herein would suffer irreparable loss and injury, for which he has no adequate remedy at law, other than by the gracious writ of injunction of this Honorable Court.

"13. That defendants, A. R. Lowrimore and wife, Mrs. A. R. Lowrimore, have no interest in the property hereinabove described, and referred to, and did not have any such at the time the levy upon said property was made, or at any other time.

"14. That plaintiff herein was not a party to said suit styled 'A. R. Lowrimore et ux vs. Lessie Jones Sanders et vir', numbered ——— on the dockets of the District Court, 91st Judicial District, Eastland County, Texas, and was in no way or manner involved therein.

"15. That the sale of the above described property under said execution in the hands

of said Eastland County Sheriff in said Eastland County, Texas, would cast a cloud upon plaintiff's right and title to the property above described and referred to, and thereby cause him to sustain irreparable loss in his property rights.

"16. That on January 27th, 1938, an injunction was issued out of this court, enjoining and restraining Loss Woods of Eastland County, Texas, from selling the lands and premises above described, at execution sale, on February 1st, 1938, or any time thereafter until after final hearing of this cause, and that said judgment remains in full force and effect, undisturbed, and your plaintiff herein prays that the same continue in full force and effect, as granted, until the final determination of this cause, or at least until a final hearing hereof.

"Wherefore, defendants herein, and each of them, having already been served with citation herein, in the way and manner for the length of time prescribed by law, except the said Annie Strane, who has filed a waiver of the issuance and service of citation herein, and agreed therein that this cause may be called and disposed of at any time suitable to the court, plaintiff prays the court that defendants herein and each of them be required to take notice of this his First Amended Original Petition, and that upon a hearing hereof, he do have and recover of and from defendant, Annie Strane, his judgment for the sum of $25,-000.00, together with interest thereon from June 23rd, 1936, until the date of the judgment herein, together with ten per cent attorney's fees thereupon, as of the day of the judgment in this cause, and for the foreclosure of his vendors lien on the above described land and premises, for judgment removing the cloud from the property above described by reason of said execution issued out of said District Court, Eastland County, Texas, and that any such order or orders of sale as may be necessary issue out of this court, directing the sale of said property in keeping with the provisions of the law, in such cases made and provided and that the gracious writ of injunction of this Honorable Court, as heretofore issued, and served upon defendant, Loss Woods, Sheriff of Eastland County, Texas, be and the same remain in full force and effect pending the final outcome of this suit, and that the Sheriff, or other officer executing said sale in this suit place the purchaser of said property sold under said order of sale, in possession thereof, within thirty days after date of said sale.

"Plaintiff herein further prays that the cloud created upon the title of plaintiff's property by reason of the execution issued out of the District Court, Eastland County, Texas, be removed upon a hearing hereon, and the title to said property quieted in plaintiff and that plaintiff's claim and right be adjudged superior to the claim of all other parties hereto, for all costs of suit, and that plaintiff herein do have any such other and further relief, both general and special in the law and in equity to which he may show himself justly entitled."

On the very day this amended petition was filed, Annie Strane gave relator a written waiver of issuance and service of process upon her and agreed that the case could be called and disposed of in her absence at any time. The waiver was filed on March 10th, 1938, and judgment was rendered by the District Court in said cause on the day that the amended petition and the said waiver of service were filed.

The judgment establishes the debt and forecloses the vendor's lien against the three tracts of land, as against Annie Strane, and same recites: "The court further finds that defendants, A. R. Lowrimore and Mrs. A. R. Lowrimore, are claiming some character of interest in and to the lands made the basis of this suit, and that such claim, if any, is inferior to plaintiff's claim and right, but that such claim of said defendants has resulted in a cloud being cast upon the title to the property above described, belonging to plaintiff herein, which cloud should be removed. It is further ordered, adjudged and decreed by the court that the claim, if any, asserted by defendants, A. R. Lowrimore and Mrs. A. R. Lowrimore, is inferior to plaintiff's claim, right, title and interest in and to the lands in question, and above described.

"It is further ordered, adjudged and decreed by the court that the cloud cast upon the above described tracts of land by reason of the claim of defendants, A. R. Lowrimore and Mrs. A. R. Lowrimore, be, and the same is hereby in all things removed."

The judgment, of course, provides for the issuance of an order of sale.

When counsel for respondents appeared in the 96th District Court of Tarrant County, to press their motion to dissolve the said

"temporary restraining order", on March 12th, 1938, the date for which such hearing was specifically set by agreement of all counsel, it was learned that the final judgment, above mentioned and partially quoted, had been rendered two days before.

The respondents immediately filed a motion for a new trial and amended same in due season, presented the amended motion to the trial court and same was overruled on March 26th, 1938, exception duly taken and appeal has been perfected, and the cause is pending and was by us consolidated with the petition for a writ of prohibition. After these proceedings were all had, the Lowrimores went back to the said District Court of Eastland· County, amended their original petition, made relator Stewart a party thereto, set forth practically all of the facts and proceedings hereinabove recited, and alleged a state of facts fully warranting the appointment of a receiver to take possession of the three parcels of land in dispute, and in addition to the prayer on the merits, prayed the said district court to appoint a receiver for said property, and for an injunction restraining relator and Mrs. Sanders and Annie Strane and their agents from interfering with the possession of the receiver and from taking any action with reference to the property until the issues raised are disposed of, and to enjoin the said parties from levying any execution, or making a sale of the property pending the receivership. The said District Court of Eastland County granted respondents' prayer, appointed a receiver for the properties and enjoined the said defendants, as was prayed for.

All of these proceedings having been had in the said two counties and the two district courts of said respective counties, A. F. Stewart, as relator, comes before this court naming the Honorable George L. Davenport, Judge of the said District Court of Eastland County, A. R. Lowrimore and wife, P. L. Crossly, District Clerk of Eastland County, and R. L. Jones, receiver, appointed by the District Court of Eastland County, as respondents, and petitions this court to issue a writ of prohibition.

In the prayer for the writ of prohibition relator, Stewart, prays that respondents be enjoined from prosecuting, or attempting to prosecute, their suit filed in the District Court of Eastland County, and enjoining the Judge of said District Court from keeping in force the order made by him enjoining relator and his agents from interfering with the property in question and from collecting the rents therefrom, and enjoining said District Judge from entering any further order in such suit, and enjoining the Clerk of such District Court from issuing any further order affecting the property in question, and enjoining all respondents and their agents from taking any further steps affecting the title to the property, and enjoining said District Judge from retaining the receivership heretofore ordered by him, and from enforcing the judgment and each and every order entered by such Judge since March 10th, 1938, and enjoining the receiver appointed by said District. Court from collecting the rents from such property, or renting same, and enjoining respondents from filing any further papers in such suit, other than an order vacating the receivership heretofore granted, and to set aside the judgment appointing such receiver and awarding a writ of injunction against relator and his agents from exercising their rights under the default judgment obtained by relator in the District Court of Tarrant County.

Let us first note the fact that when relator took his judgment in the District Court of Tarrant County, the injunctive relief, which he· sought in his original petition and which he prays the trial court to continue in full force and effect until his case is heard on the merits, is not mentioned in his judgment. There is, then, no injunction· of any kind in existence, affecting respondents' rights under and by virtue of the judgment obtained in the District Court of Eastland County, on June 24th, 1933.

When respondents appeared in the District Court of Tarrant County, on return day, and found that their co-defendant, the maker of the note sued upon, was not served with citation and that no final judgment could be had until such co-defendant was brought into court by service of process, or until she answered or entered her appearance in the cause, they did what any other prudent litigant would do. They filed, on that very day, a motion to dissolve the temporary restraining order theretofore issued and caused such motion to be set for a hearing agreeable to all parties, which appears to have been March 12th, 1938.

When relator was able to procure a waiver of process from this co-defendant (the principal defendant), and when it had

been agreed upon that the motion of the defendants to dissolve the temporary restraining order, should be tried on March 12th, 1938, it was the duty of relator to notify respondents of the perfection of such service and to set the cause for trial on the merits and give notice to respondents of such setting.

We say this even though relator had been willing to stand upon his original pleadings; but it appears that relator amended his pleading on the day he obtained the waiver of service from Annie Strane and immediately took a judgment by default against respondents.

An inspection of the allegations in the original and amended petitions discloses that relator asked for affirmative relief in his amended pleading that was not sought in his original petition.

We hold that this required a setting of the cause for trial on the merits and notice to respondents of such amended pleading and setting, even if it could be said that service of process on the amended pleading was not necessary.

An inspection of the judgment rendered for relator discloses that the trial court, without attempting to describe the only right, interest or claim on the part of respondents that is mentioned in relator's pleading, viz., that brought into being by the levying of an execution in favor of respondents, on the lands in controversy, relator's judgment proceeds to foreclose his vendor's lien as against the debtor, defendant Annie Strane, and then provides:

"It is further ordered, adjudged and decreed by the court that the claim, if any, asserted by defendants, A. R. Lowrimore and Mrs. A. R. Lowrimore, is inferior to plaintiff's claim, right, title and interest in and to the lands in question, and above described.

"It is further ordered, adjudged and decreed by the court that the cloud cast upon the above described tracts of land by reason of the claim of defendants, A. R. Lowrimore and Mrs. A. R. Lowrimore, be, and the same is hereby in all things removed."

Even if the trial court should have awarded relator a judgment by default, the claim of respondents that was expressly pleaded by relator, was whatever claim arose by reason of the levying of an execution on the lands, as aforesaid, and it was not proper for the trial court to render the broad and sweeping judgment that was entered in this cause.

As we view the situation, the real issue is: Do respondents—the Lowrimores—have a judgment lien on the lands in controversy, and does relator have a vendor's lien thereon, and which lien holds priority?

The Lowrimores filed suit in the District Court of Eastland County to foreclose their judgment lien. This was the proper court for such suit. They caused a lis pendens notice to be placed of record. Some three years later, relator purchased a vendor's lien note, which is attacked by the Lowrimores in their suit as being a part of a fraudulent scheme, and relator brings suit, later on, in the District Court of Tarrant County, where a renewal note was made payable, in which suit he interpleads the Lowrimores and alleges that they are claiming some right, title or interest in and to the lands, but in which pleading that right, title or interest is specifically shown to be such as was obtained by levying an execution on the lands, by reason of a judgment theretofore had.

We do not believe that either relator's original petition, or his amended pleading, put in issue the judgment lien, if any, obtained by the Lowrimores when they caused an abstract of their judgment against Mrs. Sanders to be recorded in Eastland County. It is quite certain that same was not put in issue by the original petition and if it can be said that the allegations in the amended pleading are sufficient to put same in issue, then no judgment by default could be properly rendered on the amended pleading without notice.

See 33 Texas Jurisprudence, para. 6, pp. 800 to 802, and many cases cited in the notes; Liquid Carbonic Co. v. Head et al., Tex.Civ.App., 48 S.W.2d 464, and cases cited.

In the light of the records before us, we do not believe that we are authorized to grant the prayer for the writ of prohibition and it is hereby denied.

We believe that we have sufficiently stated the facts and the record before us in our conclusions on the question of the right of relator to a writ of prohibition to dispense with saying further on the case of A. R. Lowrimore et ux. v. A. F. Stewart et al., No. 13846, and we conclude that the judgment of the trial court in such case should be and it is by us reversed and the cause remanded.