Benton L. MORGAN et al., Appellants,

v.

Mary Anna MORGAN, Appellee.

No. 12197.

Court of Civil Appeals of Texas, Austin.

Jan. 29, 1975.

Rehearing Denied Feb. 19, 1975.

John F. Morehead, Gibbins & Spivey, Associated, for appellants.

Don L. Baker, Austin, for appellee.

PHILLIPS, Chief Justice.

This involves a contest of the will of Virgil B. Morgan, deceased. The will was admitted to probate, over the objection of the appellants, after the court heard testimony by both proponent and contestants. We affirm the judgment.

The appellants, or contestants, are the grown children of the deceased by a prior marriage. In their first point of error, which we overrule, they contend that appellee (the widow of the deceased) failed to prove that the will was subscribed to by witnesses in the presence of the testator as is required by Section 84(b)(2) of the Probate Code, Vernon's Annotated Texas Statutes. In an attempt to meet proof under this section, appellee sent two sets of interrogatories to Mr. John M. Worrell, an attorney in Colorado City, Texas, who was a subscribing witness to the will. The first set of interrogatories failed to include notice to appellants as is required by Section 84 of the Probate Code. Consequently, a second set of interrogatories was sent to Worrell which included the proper notice. In response to a question propounded in the first set of interrogatories, Worrell stated that the will was subscribed to by the witnesses in the presence of the testator. This requirement is mandatory for the validity of the will under the authority of Jones v. Steinle decided by this Court, 15 S.W.2d 164 (Tex. Civ.App.1929, writ ref'd); Massey v. Allen, 222 S.W. 682 (Tex.Civ.App.1920, no writ); and Venner v. Layton, 244 S.W.2d 852 (Tex.Civ.App.1951, writ ref. n.r.e.). In the second set of interrogatories, however, the question was deleted, and there was therefore no such response. At trial, appellants objected to the reading of the first set of interrogatories into evidence on the basis of lack of notice.

Appellants argue that since the only evidence that the will was subscribed to by the witnesses in the presence of the testator was incompetent, the will must fail. We do not agree. An objection to the admission of a deposition taken by way of written interrogatories, based upon a defect in notice, goes to the form and manner of taking the deposition, and must be made in writing, with notice given to opposing counsel, before trial begins. Rule 212, Texas Rules of Civil Procedure; Grigsby v. May, 57 Tex. 255 (1882); Mann v. Mathews, 82 Tex. 98, 17 S.W. 927 (1891); Texas & P. Ry. Co. v. Sandy, 140 S.W. 498 (Tex.Civ.App.1911, writ ref'd); Bankers Multiple Line Ins. Co. v. Gordon, 422 S.W.2d 244 (Tex.Civ.App.1967, no writ). Absent such a written objection made prior to trial, appellants' objection at trial was untimely and the defect waived. Turner v. Turner, 384 S.W.2d 195 (Tex. Civ.App.1964, no writ); Bankers Multiple Line Ins. Co. v. Gordon, *supra.*

We also overrule appellants' points that the trial court erred in holding that the proponent has met her burden of proving that the will had not been revoked or that there is insufficient evidence in the record to support a finding that the will had not been revoked.

Section 88(b)(3) of the Probate Code requires that the proponent of the

will must prove that the will has not been revoked. When a will is established as having been duly executed by a testator, unattended by any circumstances which cast suspicion upon it, the presumption of continuity of status applies and makes a prima facie case as against a revocation. It is not incumbent upon the proponent in such a case to go further and offer additional evidence to prove the negative, namely, that it has not been revoked. However, where evidence of revocation is shown, the presumption of the continuity is rebutted, and in the absence of other evidence the proponents must fail in their case. Ashley v. Usher, 384 S.W.2d 696 (Tex.1964); May v. Brown, 144 Tex. 350, 190 S.W.2d 715 (1945); Brackenridge v. Roberts, 114 Tex. 418, 270 S.W.2d 1001 (1925).

Witness Worrell testified that to his knowledge Morgan never revoked the will. Also the proponent testified that to her knowledge the testator never revoked the will.

Decedent was divorced from his first wife in 1938. She then moved to California with their three children. Appellee and the testator were married in 1941 and lived a normal married life until his death in 1973, some thirty years later. The will in question was executed in 1942. The record reveals that these parties had great affection for one another, worked together at making a living and lived a happy, productive married life. Under these circumstances, the disposition of the testator's estate under the will before us was entirely reasonable and what most people under similar circumstances would probably do. His children were grown, married and successful in their various pursuits.

We hold that while evidence of revocation was shown, the proponents presented sufficient evidence to uphold the court's ruling against a revocation of the will, and that appellee discharged her burden in this respect.