**GOODPASTURE, INC., Appellant,**

v.

**Billy Jake MYERS, Appellee.**

**No. 4380.**

Court of Civil Appeals of Texas, Eastland.

Aug. 7, 1970.

ment, that it was actually made and that the objections thereto and the court's rulings were made as so shown. The attorney's agreement with reference to the statement of facts is that the foregoing "pages and one separate box of original exhibits being sent up by agreement—constitute a full, true and correct transcript in question and answer form of all the testimony and proceedings had, and all documentary evidence introduced during the trial—".

Prior to the amendment of Texas Rules of Civil Procedure, rule 372 in 1967, the law was that unless the argument about which complaint was made was presented by a bill of exception approved by the judge, the fact that an argument shown in the statement of facts was actually made, must be otherwise shown. Davis Transport, Inc. v. Bolstad, Tex.Civ.App., 295 S.W.2d 941, 954; McGee v. McGee, Tex. Civ.App., 237 S.W.2d 778, 783 (Ref. n. r. e.); Fort Worth and Denver Ry. Co. v. Ferguson, Tex.Civ.App., 261 S.W.2d 874, 882. In Hilliard v. Home Builders Supply Company, Tex.Civ.App., 399 S.W.2d 198, 201 (Ref. n. r. e.), which was decided before said amendment became effective, the court quoted from 3 Tex.Jur.2d 706, to the effect that the proper way to preserve objections to argument was by bill of exception, rather than by bringing up "the court reporter's record" of the argument as part of the statement of facts, in the absence of an agreement that the argument, objections and rulings so shown were actually made. The court then said that the record contained neither a bill of exception nor the court reporter's recording of the argument and, therefore, there was no basis upon which the court could determine the merits of points presenting error on account of argument.

D. J. Brookreson, II, Seymour, Ken Muldrow, Brownfield, for appellant.

R. J. Balch, Seymour, for appellee.

GRISSOM, Chief Justice.

Billy Jake Myers obtained a judgment against Goodpasture, Inc., for breach of contract by Goodpasture when it sold maize that Myers had on storage with defendant. Goodpasture has appealed. The defendant presents twenty points. The first nineteen assert reversible error by reason of improper argument of Myers' attorney. Appellant says said argument, appellant's objections thereto and the court's rulings thereon are in the statement of facts. There is an argument in the statement of facts but we find no certificate by the court reporter, or the trial judge, or agree-

■ The court reporter does not certify that the argument shown in the statement of facts was reported by him, as provided in RCP 372(l). The agreement of counsel relative to the statement of facts does not state that the argument, objections and rulings thereon, as shown in the statement

of facts, were actually made as therein shown.

However, if we are permitted to pass upon the points relative to argument thus presented, the statement of facts shows that the only objections made were to the effect that appellee's counsel was outside the record, whereupon, the court promptly instructed counsel to stay in the record. Nothing further is shown to have been done, or requested, with reference to such asserted reversible argument. In any event, said argument was not such that it could not have been cured by the court's instructions. The first nineteen points do not present reversible error. They are overruled.

Appellant's twentieth point is that the court erred in rendering judgment for $14,-720.55, because same was not supported by the evidence. We have studied the statement of facts and conclude there was ample evidence of such damage. Said point is overruled.

The judgment is affirmed.