**Rudy N. STANFIELD, Appellant,**

v.

**Ben KROLL, Jr., et ux., Appellees.**

**No. 15900.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 13, 1972.

Rehearing Denied Aug. 31, 1972.

F. Warren Hicks, Houston, for appellant.

Kenneth W. Burch, Houston (McClure & Burch, Houston, of counsel), for appellees.

COLEMAN, Justice.

This is a suit for damages resulting from an intersectional collision. Judgment was rendered for the cross-plaintiffs based on a jury verdict. Rudy N. Stanfield sued

Mrs. Kroll for damages. Mr. and Mrs. Kroll filed a cross-action against Rudy N. Stanfield alleging that his negligent driving was the proximate cause of the collision in which they suffered personal injuries and property damage. They joined Mr. and Mrs. J. R. Stanfield in the suit, alleging that they were negligent in permitting Rudy Stanfield, their minor son, to drive the automobile. They also sued State Farm Insurance Company, alleging a cause of action under the uninsured motorist provisions of their automobile liability insurance policy. Mr. Stanfield died prior to the trial of the case.

Judgment was entered against Rudy N. Stanfield, and against his mother, Margaret LaPointe, Community Survivor of J. R Stanfield, Deceased. State Farm Insurance Company was granted a judgment that cross-plaintiffs take nothing against it. Only Rudy Stanfield has appealed.

In October, 1969, Mrs. Kroll, as defendant, served certain interrogatories on Rudy Stanfield. By his answer he admitted that his attorney had forwarded to the Texas Department of Public Safety a letter in which he stated that at the time of the accident the Government Employees Insurance Company had in effect a family automobile liability policy providing coverage for the minor driver Rudy Stanfield; that the Company had filed a certificate with the State Department of Public Safety that any minor driver in the insured's family was covered "as the operator of any automobile", and that the Company was providing coverage for Rudy Stanfield although it contends that there was no coverage as far as Margaret H. Stanfield was concerned. Rudy Stanfield also admitted that the statements made in the letter by his attorney were true.

When this case proceeded to trial on June 14, 1971, Rudy Stanfield presented a motion in limine to the trial court requesting, among other things, that the court admonish counsel for cross-plaintiffs not to bring to the attention of the jury that Rudy Stanfield had automobile insurance to cover the injuries and damages sustained by cross-plaintiffs as a result of the collision made the basis of the suit. The motion was denied.

At the voir dire examination of the jury panel the attorney for Mr. and Mrs. Kroll stated without objection:

"Many of you may wonder why Mr. and Mrs. Kroll are suing their own insurance company, and it's our contention in this case that Rudy Stanfield, the driver of the other car involved in the collision and/or his father had no liability insurance, and therefore they invoke the coverage of their policy under the uninsured motorist coverage to pay those damages which may be owed by Mr. Stanfield or his son Rudy."

While addressing the jury panel the attorney for Rudy Stanfield stated: "So far as to whether or not the Krolls . . . who they had their insurance with, we don't know anything about that other than the fact that they have sued, which Mr. Burch says, State Farm Mutual Insurance, who carried their insurance . . ."

In his turn the lawyer representing State Farm Insurance Company told the jury that he represented "State Farm Mutual Automobile Insurance Company, which is a liability insurance carrier in the State of Texas. We carry the regular liability insurance that perhaps most of you have, on the automobile owned by the Krolls." He explained his posture in the suit and the uninsured motorist provision in the policy. He then stated: ". . . Primarily, our contention is that Mr. J. R. Stanfield was insured through Government Employees Insurance Company." At this point the attorney for Rudy Stanfield stated: "Now, Your Honor, we object to that statement." The objection was overruled. The attorney then proceeded to state: "Again, our position is . . . and I would bring evidence to show you, that the State of Maryland, has certified a policy in favor of Rudy Stanfield, and his father, J. R. Stan-

field, and that there is insurance coverage to protect the Krolls . . . or the Stanfields, or whoever needs it . . ." No objection was made to this statement.

Cross-plaintiffs' attorney informed the panel that it might develop that the Stanfields were insured with Government Employees Insurance Association. He then asked if the fact that they (members of the jury panel) had insurance with that company would affect them. The attorney for appellant interrupted with an objection, which was sustained. Similar questions were asked about State Farm Mutual without objection. In answer to a general question several jurors volunteered that they had either worked with claims involving insurance, or had worked for insurance companies. No objection was taken to this testimony.

The attorney for State Farm Insurance Company questioned the panel about their experience with his company. He asked if any of the jurors might have had an experience with insurance companies or adjusters that would prevent them from giving the insurance company the same fair trial they would give the individual parties to the case. He asked if the decision of any member of the panel would be influenced by the fact that State Farm Insurance Company "is a big, big company, a company who has money."

Finally counsel for State Farm Insurance began to explain to the jury that he intended to prove that Rudy Stanfield and his father were insured when he was interrupted by their counsel, who objected to the presentation to the jury of the "contention that J. R. Stanfield and Rudy Stanfield were covered by Government Employees Insurance Company, and that he expects to prove that for the simple reason that whether they were or were not covered by Government Employees Insurance Company, is not at issue in this case, and not a fact to be passed upon by the jury." He then moved for a mistrial because the jury had been informed that Rudy Stan-

field was covered by insurance. The motion was denied.

During the trial the Krolls' insurance policy with State Farm was offered and received into evidence without objection.

The attorney representing the Krolls offeed into evidence the interrogatories directed to Rudy Stanfield. The questions and answers were received without objection. The interrogatories established that an instrument attached thereto was a copy of a letter forwarded to the Texas Department of Public Safety by the attorney for Rudy Stanfield and that the representations contained therein were true. When the attached letter was offered, Rudy Stanfield objected on the ground that "it would not be a proper matter to bring before the attention of the jury." Mr. and Mrs. J. R. Stanfield joined in the objection. The trial court admitted the letter as against State Farm Mutual Insurance Company and J. R. Stanfield only and so instructed the jury.

When State Farm Mutual Insurance Company questioned Mrs. Margaret Stanfield LaPointe about the purchase of liability insurance, there was no objection, but when she was asked the vehicles the policy covered, Rudy Stanfield objected on the ground that the policy would be the best evidence. He added that he objected to going into the matter of insurance. The objections were overruled. The court also overruled a best evidence objection when Mrs. LaPointe was questioned concerning the policy period of the insurance. However she later testified without objection that on the date of the accident the policy of insurance was in force and effect and was a valid policy. She also volunteered testimony, without objection, that when Rudy got his driver's license she called the insurance company to have him covered as a minor and paid an additional premium.

Appellant has presented twelve points in his brief in this court complaining of the action of the trial court in permitting the question of insurance to be injected into

the case. These points are briefed together. There is a point complaining of the error of the court in permitting the introduction of the letter to the Texas Department of Public Safety. There is also a point complaining of the admission of the testimony of Mrs. LaPointe concerning the purchase of insurance, its effective date, and its coverage. These points are not discussed separately. There is no attempt, either in the statement under the points, the argument, or by citation of authority, to show that the testimony was not properly admitted under the rules of evidence aside from the argument that the deliberate injection of insurance into the case was reversible error. We will restrict our opinion to a consideration of this question. From our consideration of the entire record we are of the opinion that no error is presented with reference to the admission of evidence which was calculated to and probably did cause the rendition of an improper judgment.

Appellant's argument is fairly summed up in this quotation from its brief:

"Since Rudy Stanfield, the driver of the vehicle involved in the collision with the Krolls had insurance coverage, and this fact was known to plaintiffs' counsel, there was no reason or excuse for them injecting insurance into the case by suing their own insurance carrier. Plaintiffs knew that uninsured motorist was not in the case at the time they sued their insurance carrier. Why then did they sue their insurance carrier? The only logical explanation is to inject insurance into the case.

"Irrespective of the reason for bringing insurance into the case, the fact that Plaintiffs sued their own insurance carrier did not give them or their insurance carrier the right to bring to the attention of the jury the fact that Rudy Stanfield had insurance coverage, or that J. R. Stanfield did or did not have insurance coverage."

There is nothing in the record to indicate that appellant objected to the joinder of State Farm Mutual Insurance Company as a defendant in this case by the Krolls, or that appellant requested a severance of the causes of action. The trial court had no opportunity to prevent the joint trial of these causes unless he should have ordered a severance on his own motion. Appellant has not contended that he should have taken this action.

The Krolls plead a cause of action against State Farm Mutual Insurance Company by alleging that it issued to them a liability insurance policy containing an uninsured motorist provision.

The trial of the Krolls' cause of action against State Farm in conjunction with that against Rudy Stanfield does not constitute fundamental error authorizing this court to reverse this case in the absence of a properly assigned point of error, even though it could be anticipated that liability insurance would necessarily be discussed during the progress of the trial. State Farm Mutual Automobile Insurance Company v. Cowley, 468 S.W.2d 353 (Tex. 1971).

In a suit by a motorist against his own insurance carrier under uninsured motorist coverage the burden is on such a motorist to prove that the other party to an accident is not covered by liability insurance. Members Mutual Insurance Company v. Tapp, 469 S.W.2d 792 (Tex.1971). Evidence that such other party is covered by liability insurance would be relevant and material to the issue and should be admitted if offered by the insurance company.

In its answer State Farm admitted that the Krolls were covered by a policy of liability insurance including uninsured motorist coverage. The answer alleged that the driver of the Stanfield vehicle was insured for which reason the insurance company denied liability. There was no stipulation made by the parties to

this suit that Rudy Stanfield was covered by liability insurance. The answers to the interrogatories served on Rudy Stanfield by the Krolls, if introduced into evidence, could be used only against Rudy Stanfield, and were subject to proper objections as to admissibility, if any. Rule 168, Texas Rules of Civil Procedure. There was no evidence that Government Employees Insurance Company admitted coverage of either of the Stanfields. There was no evidence of probative force that they were not insured. The question of whether Rudy Stanfield and J. R. Stanfield were uninsured motorists remained in the case until the evidence was concluded.

■ Where testimony relevant on a material issue in a case necessarily will prejudice a party on other issues in the same case, although on a severable cause of action, the case will not be reversed as to the injured party merely because such testimony was admitted into evidence and the party suffered such foreseeable injury.

In Myers et al. v. Thomas et al., 143 Tex. 502, 186 S.W.2d 811 (1945), the Supreme Court explained the basis for the rule prohibiting evidence of liability insurance: " . . . It is ordinarily error for plaintiff to mention the fact in the presence of the jury that the defendant is insured against the liability which he is seeking to establish, or that he has no protecting insurance. For the same reason it is error to refer to the fact that the plaintiff is protected by some form of insurance. It is improper in either case because such fact is irrelevant and immaterial, and is calculated to work injury . . ." The basis for that rule is not present in this case where the facts concerning liability insurance coverage are relevant to a material issue.

Appellant's contention that the jury's answer to Special Issue No. 12 is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong cannot be sustained. The testimony of the parties on this issue was directly contradic-

tory. Appellant's version was supported by an apparently uninterested witness. The jury could have considered that the testimony as to the damage suffered by the automobiles supported the Kroll testimony. The issue was clearly drawn both by the evidence and the arguments of counsel. While the testimony of an uninterested witness has considerable force, we cannot say that the answer of the jury is clearly wrong.

Affirmed.

## ON MOTION FOR REHEARING

In connection with his motion for rehearing appellant has requested permission to file a supplemental transcript. Appellees have contested the motion, contending that to permit new material to be filed at this late date would be contrary to the spirit of Rules 386 and 413, T.R.C.P. We agree. Permission to file a supplemental transcript is refused. Bituminous Casualty Corporation v. Moore, 396 S.W.2d 249 (Tex.Civ.App., Tyler 1965, writ ref., n. r. e.).

Appellant's motion for rehearing is overruled.