**Ralph LeNOBLE, Appellant,**

**v.**

**WEBER, HALL, COBB AND CAUDLE, INC., Appellee.**

**No. 739.**

Court of Civil Appeals of Texas, Tyler.

Dec. 13, 1973.

**322**

William F. Kortemier, II, Richard C. Jenkins, of Muse, Currie & Kohen, Dallas, for appellant.

Duncan Boeckman, Golden, Potts, Boeckman & Wilson, Dallas, for appellee.

DUNAGAN, Chief Justice.

Appellant, Ralph LeNoble, sued his brokerage firm, Weber, Hall, Cobb and Caudle, Inc., the appellee, on statutory and common law grounds for refund of money paid for stock. Trial was to a jury. When appellant rested, the court on motion directed a verdict against appellant.

Thereafter appellant timely filed his motion for new trial which was later amended. The amended motion was overruled. Appellant timely perfected his appeal.

Specifically, appellant's suit against appellee is for damages allegedly resulting from the stock being suspended from trade because it was not registered with the Texas State Securities Board or the Texas Securities Commission as is required by the Securities Act.

It is alleged by appellant that a Mr. Woodall, a broker or salesman for appellee, sold him the stock in controversy. Mr. Woodall was the agent of the appellee and was the broker for appellant. The appellant also alleges that Woodall solicited the sale of Ultrajet stock by alleging the stock to be one which would soon rise in value. Appellant purchased 2,000 shares of this stock for $5,000.00, plus $140.00 commission paid to Woodall. Appellant further alleges that some two weeks later the stock was suspended from trading because it had never been registered with the Texas State Securities Board as required by law. It is without dispute that the stock was suspended from trading and was worthless.

A directed verdict was sustained in favor of the appellee due to the fact that appellant failed to prove the stock was not registered at the time it was sold to the appellant. Both parties agree that neither the statutory liability for violation of Article 581–33, Vernon's Ann.Tex.Civ.St., nor the common law liability for fraud or mutual mistake is proved up until it is shown that the stock was not registered at the time of sale to the appellant.

 The trial court having instructed a verdict in favor of appellee to be correct, there must be no evidence having probative force upon which a jury could have made a finding in favor of LeNoble. Anderson v. Moore, 448 S.W.2d 105 (Tex.Sup.1969). To make this determination all evidence must be considered in the light most favorable to LeNoble and every reasonable inference deducible from the evidence is to be indulged in his favor. Seideneck v. Bayreuther Associates, 451 S.W.2d 752 (Tex.Sup.1970); Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953).

The entire appeal revolves around an objection which was sustained by the court during the testimony of the appellant. Appellant's attorney was attempting to show the stock was suspended because it had never been registered with the Texas State Securities Board or the Texas Securities Commission. He asked his client, Ralph LeNoble—"Do you, of your own knowledge, know why the Ultrajet stock was

suspended from trading?"; objection that it called for a legal conclusion was sustained. Appellant's counsel then stated: "May we be heard from? He was a stockholder in the corporation." The court permitted counsel to approach the bench and in plaintiff's bill of exception number 1, as corrected by the court and approved by the attorneys for all parties, we find the following: "When counsel for the Plaintiff and Defendant approached the bench, counsel for the Plaintiff (appellant) stated that his client, as stockholder, was entitled to testify as to why the Ultra Jet stock was suspended from trading. He did not again offer to go into the conversation with Mr. Woodall (who was called to testify by appellant under the adverse witness rule), concerning which he had fully testified on direct examination." No hint was given to the court at that time that LeNoble contended that the evidence elicited was admissible for any reason other than that the witness was a stockholder. This was on February 28, 1973. Final judgment was entered on March 7, 1973. On March 16, 1973, appellant in his original motion for new trial, for the first time, informed the trial court that what his counsel had said at the bench was not the case at all, but that in fact the appellant, LeNoble, if given the opportunity, would have testified that Woodall, appellee's broker and agent, told him and admitted to him that the stock was suspended from trading since it had never been registered with the Texas Securities Board or with the Securities and Exchange Commission or words of similar import and meaning. It is stated in the bill of exception which was signed on the 18th day of June, 1973, by the trial judge that "Plaintiff's attorney *now* says that if Mr. LeNoble had been allowed to answer the question concerning his own knowledge as to why Ultra Jet's stock was suspended from trading, that he would have answered * * * 'that several weeks after purchasing the stock, Mr. Woodall told him by telephone that the stock was worthless and had been suspended from trading because it had never been registered or blue skyed

for trading.' Such answer would not have been responsive to the question, would not have been based on Mr. LeNoble's own knowledge and would have been stricken." (Emphasis ours.)

In the bill of exception we find the following statement:

"In his exception to the Court's ruling the Plaintiff (appellant) made the following exceptions:

'Plaintiff would duly except to the ruling of the Court in that the Plaintiff would submit that it is impossible and an unreasonable request for the Plaintiff to prove that on the date of the alleged transaction, that the said securities were not duly registered.'"

We find this statement of the law in McCormick and Ray, Texas Law of Evidence, 2d Ed., Vol. 1, pp. 18 and 19, sec. 21:

"The usual method of offering oral testimony is by calling a witness to the stand and asking him a series of questions. Occasionally, however, the court in its discretion, permits the witness to relate a narrative without interruption, in answer to a general request, such as 'Please tell what you saw on that occasion.' The sufficiency of the offer is tested only when an objection is made. If the objection is sustained and the witness prevented from answering, it will usually be necessary for offering counsel to state to the judge for the record the expected answer of the witness. This is usually done out of the hearing of the jury. While this is the normal way of offering oral testimony it may not always be necessary to put a witness on the stand and go through this procedure. Suppose for example that witnesses are available to prove certain facts but are not present in court, and the judge's previous rulings have indicated that he will probably exclude this line of testimony. In this situation most courts will permit an offer of evidence to be made without

producing the witness, providing the offer is sufficiently specific and the judge is convinced that the offer is in good faith. *The reason for requiring offering counsel to state the purport of the expected answer, unless it is clear from the question, is to inform the trial judge of the proponent's claim of admissibility and enable the appellate court to understand the scope and effect of the judge's ruling.*" (Emphasis ours.)

Neither the bill of exception nor the statement of facts show that the testimony, which counsel for LeNoble says, he (LeNoble) would have given, if permitted to do so, was ever tendered to the court. Therefore, the court did not have the opportunity to weigh the testimony of admissibility, materiality and purpose and understand the scope and effect of his ruling.

■ In order to determine the character and nature of the disputed evidence that was excluded, and to estimate the influence that such evidence would likely have had upon the minds of the jury, and in order to determine the fact issue to which it relates, the appellant should have developed by a proper bill of exception what the excluded evidence would have been. Rules 372, 373 and 418(c), Texas Rules of Civil Procedure; Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 (1945); State v. Evans, 340 S.W.2d 99 (Tex.Civ.App., Waco, 1960, n. r. e.); Gass v. Baggerly, 332 S.W.2d 426, 430 (Tex.Civ.App., Dallas, 1960, n. w. h.); Southerland v. Porter, 336 S.W.2d 841, 845 (Tex.Civ.App., Amarillo, 1960, n. r. e.); Morris v. City of Houston, 466 S.W.2d 851, 856 (Tex.Civ.App., Houston, 14th Dist., 1971, n. w. h.).

The trial court did not certify that the witness would have given the testimony as stated by the appellant in his original and amended motion for new trial. He certified only what appellant's counsel said he (appellant) would have testified if permitted to answer. There is nothing in either the statement of facts or the bill of exception from the witness LeNoble himself as to what his answer to the question would be if he had been permitted to answer. Southerland v. Porter, supra.

■ Where tendered evidence was not before a reviewing court under certificate of trial judge as having been offered by the witness in the presence of the judge as a part of the bill of exception, we cannot consider it. Cavaness v. General Corporation, et al., 272 S.W.2d 595, 600 (Tex.Civ. App., Dallas, 1954), affirmed 155 Tex. 69, 283 S.W.2d 33 (1955); Southerland v. Porter, supra.

The court in Bowles v. Bourdon, 213 S. W.2d 713, 717 (Tex.Civ.App., Galveston, 1948, affirmed on other grounds, 148 Tex. 1, 219 S.W.2d 779 (1949)), states the rule very clearly:

"Plaintiffs asked certain hypothetical questions of Dr. Bloom and Dr. Lerner. The court did not permit same to be answered. The plaintiffs did not show by the doctors, at the time the questions were asked, what the answers would be and the attorney did not state to the court and counsel what said answers would be, and what they would have been were shown only by ex parte affidavits of said doctors. This is shown by the courts qualifications of the bill of exceptions. The rule regulating bills of exception is Rule 372, Texas Rules of Civil Procedure. We believe that a bill of exception cannot be amplified and expanded by putting into the record after the trial has been concluded by ex parte affidavits what a witness would have testified to had he been permitted to answer the question. * * *"

The record before us does not show the trial court was apprised at what the witness LeNoble would have testified to until appellant filed his original motion for new trial which was obviously after the trial had been concluded and judgment rendered by the court.

The appellant, in failing to make a bill of exception at the time the objection was

sustained, or in at least informing the trial judge of the true nature of the proposed testimony, failed to comply with Rule 373 of the Texas Rules of Civil Procedure and did not make known to the court the action which he desired the court to take, or his objection to the action of the court and his grounds therefor. He did not comply with Rule 372 of the Texas Rules of Civil Procedure and make his bill of exception at the time the ruling was made or request time to embody such exception in a written bill. Dorn v. Cartwright, 392 S.W.2d 181, 185–186 (Tex.Civ.App., Dallas, 1965, writ ref'd n. r. e.).

Appellant did not at any time prepare a bill of exception containing the proposed testimony of his client. Texas Lloyds v. Laird, 209 S.W.2d 937, 940 (Tex.Civ.App., Galveston, 1948, writ dism.). All we have is the statement by appellant's counsel as to what LeNoble's testimony would have been, contained in a motion for new trial filed after entry of judgment. The trial court's corrected "plaintiff's bill of exception No. 1" clearly shows that this testimony was not offered or mentioned during the trial.

 The law is well settled that a bill of exception to the exclusion of evidence must show what the answer of the witness would have been to the question propounded and in the absence of such showing, no error on the part of the court is shown. Ex Parte Taylor, 322 S.W.2d 309, 312 (Tex.Civ.App., El Paso, 1959, n. w. h.); Turner v. Jackson, 256 S.W.2d 127 (Tex. Civ.App., Eastland, 1953, writ ref'd). Without such showing we have no way of knowing actually what the answer of the witness LeNoble would have been. Turner v. Jackson, supra, and cited cases. Not knowing what the testimony would have been we are unable to pass on the question whether it was error to exclude it. Henneberger v. Sheahan, 278 S.W.2d 497, 500 (Tex.Civ.App., Dallas, 1955, writ ref'd n. r. e.).

Under Rule 372 of the Texas Rules of Civil Procedure and the case law, we believe the appellant has waived any right that he may have had to complain of the court's ruling.

Moreover, as a matter of fact, all we have is the statement of appellant's counsel as to what LeNoble's testimony would have been, contained in his original and amended motions for new trial filed after entry of final judgment. This amounts to nothing more than hearsay. The court's corrected "plaintiff's bill of exception No. 1" clearly shows that this testimony was not offered or mentioned during the trial.

Having considered all points of error presented and finding none with merit, the judgment of the trial court is affirmed.

Affirmed.