VICTORIA COMFORT AIR
COMPANY, Appellant,

v.

ALAMO EXPRESS, INC., Appellee.

No. 1003.

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 18, 1975.

Rehearing Denied Oct. 16, 1975.

Motion to Amend Record Denied
Nov. 6, 1975.

Nathan P. Hoffman, Victoria, for appellant.

Steve Q. McManus, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

This is a freight damage suit brought by Victoria Comfort Air Company against Alamo Express, Inc. After trial in Justice of the Peace Court in Victoria County which favored the plaintiff, Alamo appealed to the County Court at Law where a trial de novo was had. The trial court entered a take nothing judgment in favor of Alamo, whereupon plaintiff appeals.

The case was tried before the court without the benefit of a court reporter. The transcript includes the pleadings, the judgment, the trial court's findings of fact and conclusions of law. The balance of the record, which is a transcription of the hearing before the court on plaintiff's motion for judgment and the parties' statements in their briefs, indicates that the trial court refused to permit the introduction of the deposition testimony of plaintiff's witness John Henry Smith. Smith's testimony was essential to establish plaintiff's claim for money damages. During the course of the trial, plaintiff's attorney offered Smith's deposition. The defendant objected on the grounds that the deposition did not comply with Rule 189, T.R.C.P., in that the plaintiff had failed to set out the proper mailing address of the officer taking the deposition in his notice. The plaintiff argues that it was too late for defendant to object to the deposition since the interrogatories had been on file with the clerk of the court for many months prior to trial and that plaintiff could not now object, citing Rule 212, T.R.C.P. The trial court sustained the defendant's objection anyway, and ruled that the plaintiff should take nothing.

On appeal, the plaintiff argues that Rule 212 is decisive and that we should reverse the trial court's judgment and render judgment for the plaintiff. The "Rule" says:

"When a deposition shall have been filed in the court at least one entire day before the day on which the case is called for trial, no objection to the form thereof, or to the manner of taking the same, shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences. As amended by order of March 19, 1957, effective Sept. 1, 1957." Rule 212, T.R.C.P.

The "Rule" is clear. If a deposition has been on file for more than one day,

any such objection thereof as to the form, must be made in writing with notice to the opposing counsel before the trial begins. See *Bankers Multiple Line Insurance Company v. Gordon*, 422 S.W.2d 244 (Tex.Civ. App.—Houston [1st Dist.] 1967, no writ); *Morgan v. Morgan*, 519 S.W.2d 276 (Tex. Civ.App.—Austin 1975, n. r. e.). Since the subject deposition had been on file for a long period of time (in excess of one day), and defendant's objection came for the first time in court, the trial court erred in sustaining defendant's objection. But did the appellant perfect this error?

■ Rule 372, T.R.C.P., states that if either party during the progress of a trial is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time such ruling is made and at his request, *time shall be given* to embody such exception in a written bill. The reason for requiring the offering attorney to state his exceptions to the trial court's ruling is to inform the trial judge of the attorney's claim of admissibility, and by having such exception in writing, it permits the appellate court to understand the scope and the effect of such ruling. On appeal an exception to the trial court's ruling on the admissibility of evidence, briefly stated, is necessary, unless the statement of facts contains all of the evidence requisite to explain the bill. This permits the reviewing court: 1) to determine the character and nature of the disputed evidence that was excluded; 2) to estimate the influence that such evidence might have in proving up the essential elements of plaintiff's case (or the opposing attorney's defense); *and* 3) to determine the substantial fact issues to which it relates.

■■ The plaintiff argues here on this appeal that it was impossible for him to offer a bill of exceptions since there was no court reporter. This is not true. The attorney can, and the trial court must allow the attorney to make his bill of exceptions. *Smith v. State*, 490 S.W.2d 902, at page 908 (Tex.Civ.App.—Corpus Christi 1973, writ

ref'd n. r. e.). This would be the same either with or without a court reporter being present. The appellant (plaintiff) should have offered the deposition into evidence on his bill of exceptions. He should have stated to the court what he believed the evidence would prove, and what the testimony of the witness would have been. One of the purposes of the bill is to show what the answer of the witness would have been to the question or questions propounded. After the trial, the bill of exceptions should have been reduced to writing and presented to the trial court, for his approval as to substance and form, and signed by the trial judge. The rule provides for the guarantee of the accuracy of such exceptions. In the absence of such a bill of exceptions, no error on the part of the trial court is shown on appeal. Without this bill before us, we have no way of knowing actually what transpired. See *LeNoble v. Weber, Hall, Cobb and Caudle, Inc.*, 503 S.W.2d 321 (Tex.Civ.App.—Tyler 1973, no writ).

■ The plaintiff continues to argue that we should pass upon the deposition testimony because the written interrogatories and answers thereto were ordered by him to be placed in the transcript and are now before this Court on appeal for our inspection. This does not comply with the proper form of a bill of exceptions and as such does not preserve the same for appellate review. See *Bowles v. Bourdon*, 213 S.W.2d 713 (Tex.Civ.App.—Galveston), aff'd, 148 Tex. 1, 219 S.W.2d 779 (1949). See McCormick & Ray, 2d Ed. Vol. 1, § 21 to § 30, pages 18–32. With no statement of facts and no bill of exceptions, this Court is without authority to review plaintiff's appeal based upon the trial court's ruling on plaintiff's evidence.

There being no reversible error, the judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

Appellant in its motion for rehearing asserts that this Court erred in holding that

its points of error numbers 1, 2, 3 and 5 were not properly preserved because there was no statement of facts or bill of exceptions in the record that was before this Court.

Appellant first asserts that there *was* a statement of facts, it being in the nature of an "agreed statement of facts" which contained the objections to and ruling of the court on the exclusion of the deposition testimony and, therefore, a bill of exceptions which included the deposition testimony, was unnecessary. Both parties admitted that there was no court reporter present during the trial. The record does not contain any findings of fact or conclusions of law. On February 18, 1975, the day the trial court actually entered judgment for the appellee, appellant filed its motion for judgment during which a hearing was had on the motion. This hearing was transcribed by a court reporter. The transcription was denoted "Hearing on Plaintiff's Motion for Judgment". It was separately bound, contains statements by appellant's attorney as to some of the facts testified to by each witness, presumably the objections and rulings by the trial court with respect to the exclusion of the deposition testimony, and the court's ruling on appellant's motion for judgment. This, appellant argues, is the agreed statement of facts of the trial on the merits of the case. At the end of the transcription in question appears the following:

### "AGREEMENT OF COUNSEL

We, the undersigned counsel of record for both the Plaintiff and Defendant herein, agree and stipulate that pages numbered 1 through 9 hereof, constitute a full, true and accurate statement of all facts and documentary evidence adduced upon the trial of the above entitled and numbered cause, and same as such may be filed as the statement of facts on appeal hereof."

The Eastland Court was faced with a similar situation in the case of *Goodpasture, Inc. v. Myers*, 458 S.W.2d 490 (Tex.Civ.App. —Eastland 1970, writ ref'd n. r. e.). The attorneys' agreement with reference to the statement of facts stated that the foregoing "pages and one separate box of original exhibits being set up by agreement—constitute a full, true and correct transcript in question and answer form of all the testimony and proceedings had, and all documentary evidence introduced during the trial—". The record that was sent to the appellate court did not contain a certificate from the court reporter or the trial judge nor did it contain any agreement that certain complained of arguments were actually made nor did the record state that the arguments, objections and rulings thereon as shown in the statement of facts were actually made as therein shown. The court held that such points concerning the alleged error in the arguments were not properly preserved for the Court of Civil Appeals.

■ The separately bound document denoted "Hearing on Plaintiff's Motion for Judgment" was just that. It was not an abbreviated statement of facts as appellant argues. The mere fact that appellee's and appellant's attorneys agree that such will constitute a statement of facts cannot make it a statement of facts. It is merely the transcription of plaintiff's motion for judgment and nothing more.

It also appears that such transcription does not constitute an abbreviated statement of facts as contemplated by the Rules of Civil Procedure. Rule 378 provides as follows:

"The parties may agree upon a brief statement of the case and of the facts proven as will enable the appellate court to determine whether there is error in the judgment. *Such statement shall be copied into the transcript in lieu of the proceedings themselves.*" (Emphasis supplied.)

The document was separately bound and does not appear in the transcript as the rules require. We conclude that the document entitled "Hearing on Plaintiff's Motion for Judgment" does not suffice as an

abbreviated statement of facts adduced upon the trial of the case. However agreed by the parties, it is not an accurate reproduction of what took place during the trial of the case on its merits. Therefore, there was no statement of facts presented which would show the objection and ruling of the trial court with respect to the excluded deposition testimony.

Appellant further argues that the court refused to allow appellant's counsel time to go get authority to convince the court that the appellant's objection was not good. Even after reviewing appellee's purported statement of facts, such does not appear to be the case. There is nothing there that indicates the court refused to allow appellee to get his authorities, nor was there a showing that appellee's attorney made the request for such additional time.

Even if such a document can be considered an abbreviated statement of facts, which we hold it is not, in the absence of a bill of exceptions showing what the deposition testimony would have been, no error on the part of the trial court is shown on appeal. Appellant contends in its motion for rehearing that this Court erred in holding that it was necessary to include the contents of the deposition in a bill, formal or informal, because the objection made and sustained related to the proper method of taking the deposition, not to its contents. Appellant seems to be arguing that our review is confined or limited to the sole issue of whether the trial court erred in excluding the deposition testimony based on Rule 189, T.R.C.P. and that once it is determined that such exclusion was erroneous, appellant is, without having to proceed further, entitled to a reversal of the trial court's judgment. We disagree.

■■■ It is well settled that where there is no showing of what the witnesses' excluded testimony would have been, either by bill of exception or in a statement of facts, nothing with respect to exclusion of the testimony is presented for review. *Le-Noble v. Weber, Hall, Cobb and Caudle,*

*Inc.,* 503 S.W.2d 321 (Tex.Civ.App.—Tyler 1973, no writ). Although appellant has satisfactorily shown error in the trial court's judgment in excluding the evidence, he must proceed further, showing what the improperly excluded evidence was, and that such error was reversible error. Rule 434, T.R.C.P., reads in part as follows:

> ". . . no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, *unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably* did cause the rendition of an improper judgment in the case, . . ."

Without a showing by either a bill of exception or statement of facts as to what the excluded deposition testimony would be, we are unable to accurately determine whether there was reversible error, i. e., that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

Appellant's motion for rehearing is overruled.

## OPINION ON MOTION TO AMEND RECORD

Appellant has filed its motion to amend the record. Rule 413, T.R.C.P., provides:

> "A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with these rules, and filed in the court under the rules, with briefs of one or of both the parties. *All parties will be expected, before submission, to see that the transcript of the record is properly prepared.*" (Emphasis added).

Although our Court has discretion to supplement the transcript or statement of facts, we do not believe that we should exercise such discretion where such motion has been filed after the first motion for rehearing has been overruled as this would interfere with the orderly administration of justice and does not comport with the provisions of the above cited rule. See *Archer v. Storm Nursery, Inc.*, 512 S.W.2d 82 (Tex. Civ.App.—San Antonio 1974, no writ), and cases cited therein. See also *Sympson v. Mor-Win Products, Inc.*, 501 S.W.2d 362 (Tex.Civ.App.—Fort Worth 1973, no writ); *Bituminous Casualty Corporation v. Moore*, 396 S.W.2d 249 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.).

Motion denied.