**IRRIGATION CONSTRUCTION COMPANY, Appellant,**

v.

**MOTHERAL CONTRACTORS, INC., Appellee.**

**No. 1573.**

Court of Civil Appeals of Texas, Corpus Christi.

March 13, 1980.

Rehearing Denied April 30, 1980.

338 ■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■

Terry D. Key, Law Offices of Tom Wilkins, McAllen, for appellant.

William E. Corcoran, McAllen, for appellee.

## OPINION

BISSETT, Justice.

This is a suit by Motheral Contractors, Inc., against Irrigation Construction Company to recover the unpaid amount of money allegedly due under a written contract. Following a trial to the court, judgment was rendered that plaintiff recover from defendant the sum of $6,136.76 as damages for breach of contract, prejudgment interest thereon in the amount of $1,008.76, attorneys' fees in the sum of $2,381.84, together with interest on the total amount of the judgment from date thereof (May 11, 1979) until paid at the rate of 9% per annum. Irrigation Construction Company, defendant, has appealed.

It is undisputed that on September 29, 1975, the City of Mission, Texas, as owner, and defendant, as general contractor, entered into a written agreement whereby defendant agreed to construct certain

drainage improvements for the City. The contract sum was $297,515.00. Included therein was "Bid Item No. 22," which stated:

"Open Ditch Complete as Detailed Lump Sum $30,000." This ditch was 1400 feet in length and was to be dug according to certain plans and specifications concerning slope, grade, depth and width. The route of the ditch began at A and terminated at B on the following drawing, which, however, is not drawn to scale:

The instant suit arose out of problems encountered in the excavating of that portion of the ditch shown on the above drawing as C to B.

It is further undisputed that on January 26, 1976, plaintiff submitted a bid in writing to defendant, which read:

"We are pleased to quote the dragline excavation of the drainage ditch on the referenced project for a lump sum of $18,882.34. Our price does not include engineering, fence locating or any work other than the actual ditch excavation. Please sign and return to us one copy of this agreement confirming your acceptance."

Defendant added the words "Bid Item No. 22 only" to the letter bid following the word "excavation," dated it February 6, 1976, and sent an executed copy thereof to plaintiff, which copy already had the word "ACCEPTED" typed thereon.

Plaintiff then commenced work on the ditch. It had no difficulty in excavating the first 75% of the length of the ditch (that portion A to C on the drawing), but did experience difficulty in excavating the remaining 25% (that portion C to B on the drawing), when it was discovered that the specified slope would not "hold" due to ground water which caused "cave-ins." Plaintiff ceased operations in late March, 1976.

Upon discovery of the problems, the engineer on the project for the City issued a change order to defendant. This change order substituted concrete pipes for the open ditch with respect to that portion of the ditch designated C to B on the drawing. Defendant did not request plaintiff to comply with the change order. Defendant completed the work required by the change order, and the work described in Bid Item No. 22 in the general contract was accepted by the City on May 5, 1976. Subsequently, the City paid defendant the full amount of the contract sum agreed upon for constructing Bid Item No. 22 ($30,000.00), plus $5.00 per lineal foot for the extra expense incurred in installing the concrete pipes.

It was stipulated that there was a contract between the parties. It was further stipulated that the contract price agreed upon was $18,882.34. Defendant admits that the portion of the ditch from A to C was constructed in accordance with the plans and specifications contained in the contract with the City, but contends that the portion C to B was not. It further asserts that it was entitled to use the $6,136.76 for which plaintiff sues in completing the drainage system by performing the work required by the change order. Plaintiff says that the contract between it and defendant called for the actual ditch excavation according to the plans and specifications, and nothing more.

The trial court made and filed findings of facts and conclusions of law. Those pertinent to the action are summarized, as follows:

### FINDINGS OF FACT

(1) plaintiff began excavation of the drainage ditch under said contract on or about February 29, 1979 (sic);

(2) plaintiff completed the excavation of the ditch on or about March 31, 1976;

(3) the latter 25% of the ditch failed to hold the required slope and grade due to ground level water;

(4) plaintiff was paid $12,745.86 under the contract;

(5) defendant retained $6,136.76, the balance owed under the contract; and,

(6) the Engineer for the City determined that plaintiff dug the ditch in accordance with the specifications;

## CONCLUSIONS OF LAW

(1) Plaintiff and defendant contracted that plaintiff would receive $18,882.34 for "actual ditch excavation";

(2) plaintiff complied with the terms of the contract with defendant; and,

(3) defendant breached the contract "by failing to pay the balance owed to plaintiff."

Defendant first contends that the trial court erred in rendering judgment for plaintiff because "there is no finding of fact that plaintiff was damaged in an amount of $6,136.76." The point has no merit. Defendant, in its pleadings said:

"  .  .  .  Defendant, in submitting a bid for the installation of the pipe, took into consideration the $6,136.76 that was owed to Plaintiff pursuant to their contract.  .  .  . "

That statement constituted a judicial admission that it owed plaintiff $6,136.76. Consequently, the necessity of proof relating to the amount of money due plaintiff because of breach of contract was eliminated. *Valdes v. Moore*, 476 S.W.2d 936 (Tex. Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.); *Traders and General Insurance Company v. White*, 320 S.W.2d 702 (Tex.Civ.App.—Amarillo 1959, writ ref'd n. r. e.). Moreover, assuming, arguendo, that the above-quoted statement in defendant's answer did not constitute a judicial admission, there is ample evidence of probative value in the statement of facts which shows that defendant breached the contract to plaintiff's damage in the amount of $6,136.76. There was no need for the trial court to expressly find that plaintiff "was damaged in the amount of $6,136.76."

Defendant further says that the trial court committed reversible error by making inconsistent findings of fact when it found that plaintiff began excavation of the ditch on February 29, 1979. The inconsistency of which defendant complains is obviously a typographical error. It is an impossible date. Since we have before us in this case a complete statement of facts, the findings of fact are binding on us only if supported by evidence of probative value. *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156 (Tex.Sup.1950); *Stephenson v. Perlitz*, 537 S.W.2d 287 (Tex.Civ.App.— Beaumont 1976, writ ref'd n. r. e.); *Anderson v. Anderson*, 503 S.W.2d 124 (Tex.Civ. App.—Corpus Christi 1973, no writ). There is evidence in the statement of facts that plaintiff commenced excavation of the ditch "approximately" on February 5, 1976. There is no evidence that plaintiff commenced excavation of the ditch on February 29, 1979. The exact date when plaintiff commenced work on the project is of no material importance in the disposition of this appeal.

Defendant next attacks the conclusions by the trial court that the offer of plaintiff to excavate a drainage ditch was accepted by defendant, and that plaintiff complied with the terms of the contract. It also asserts that the trial court erred in finding that the contract to construct an open drainage ditch was performed by plaintiff, and that there was insufficient evidence to support the findings 1) that the ditch was excavated to project specifications; and 2) that plaintiff completed the excavation of the drainage ditch "on or about the 31st day of March (1976)." Defendant contends that Bid Item No. 22 in the contract between it and the City called for the construction of an open drainage ditch with a designed slope and grade, and that when it inserted the words "Bid Item No. 22 only" in the copy of plaintiff's bid letter, that the same constituted a material modification of plaintiff's offer of actual ditch excavation, which amounted to a counteroffer that was not formally accepted by plaintiff. In the alternative, it is argued that plaintiff, by commencing work thereon, did not agree to merely excavate the drainage ditch in question, but to perform the work called for in the general

contract between defendant and the City, i. e. "Open Ditch Complete as Detailed." Defendant in support of its position, argues that plaintiff should have brought an action on quantum meruit and not on breach of contract. It reasons that plaintiff should be denied a recovery on its action because it did not "complete" an open ditch as "detailed." We disagree.

There is no evidence that plaintiff saw the contract between defendant and the City prior to the time that defendant introduced a copy thereof into evidence at the trial of this case. In that state of the record, there is no showing that plaintiff should have understood that the inserted words in the letter bid required it to perform the work as contemplated by the contract. Furthermore, the only reasonable construction of the letter bid of January 26, 1976, when examined from its four corners after the insertion of the words "Bid Item No. 22 only," is that the work described in the letter from plaintiff was for actual excavation of the ditch and that such work was limited to the excavation covered by Bid Item No. 22. Plaintiff and defendant did not contract for the construction of an "Open Ditch Complete as Detailed." The action for breach of contract was proper.

After plaintiff received the executed copy of the letter bid from defendant, one of plaintiff's employees proceeded to the office of the engineer for the City and picked up a set of plans and specifications for the work required by Bid Item No. 22 in the general contract. While there is some dispute in the matter, there is ample evidence of probative value that plaintiff did *actually excavate* the entire ditch (A to B) according to such plans and specifications. However, it is undisputed that, through no fault of either plaintiff or defendant, the portion of the ditch from C to B on the drawing did not *hold* to the slope and grade called for in the plans and specifications.

As between defendant and the City, defendant was bound by contract to *complete* an open ditch in accordance with certain plans and specifications. That contract required defendant to construct a ditch which

*held* to such plans and specifications. However, that is not the case here presented. In this suit, plaintiff and defendant contracted only for the *actual excavation* of a drainage ditch in accordance with the plans and specifications imposed by the City. The contract between them did *not* require plaintiff to *complete* an open ditch as detailed in the plans and specifications.

Defendant further complains of that portion of the judgment which awarded attorney's fees. We cannot consider the point in this appeal. So far as the records shows, defendant: 1) did not specifically except to the claim for attorney's fees in plaintiff's trial petition; 2) did not object to the evidence relating to attorney's fees adduced at the trial; 3) did not cross-examine plaintiff's witness who testified that plaintiff entered into a contract with plaintiff's attorneys whereby the attorneys "were to receive one-third of the sums recovered," and that such fee "is a reasonable standard fee"; 4) did not test the witness concerning his competency to testify on the matter of attorney's fees; 5) did not object to the inclusion of the award of attorney's fees in the judgment; and 6) did not file a motion for new trial, wherein it registered a complaint relating to attorney's fees.

"Rule 324. Prerequisites of Appeal

A motion for new trial shall not be a prerequisite to the right to complain on appeal, in any jury or non-jury case. A motion for new trial may be filed by any party, however, and the omission of a point in such motion shall not preclude the right to make the complaint on appeal. *Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon.* . . ." (Emphasis supplied).

■ Although formal exceptions are not necessary under Rule 374, T.R.C.P., that rule requires that the complaining party make known to the trial court his objection and his grounds therefor, unless he had no opportunity in the trial court to object; otherwise, he cannot raise the objection for the first time on appeal. *Lewis v. Texas*

*Employer's Insurance Ass'n.*, 151 Tex. 95, 246 S.W.2d 599 (1952); *Cobb v. Texas Distributors, Inc.*, 524 S.W.2d 342 (Tex.Civ. App.—Dallas 1975, no writ); *McDaniel v. Tucker*, 520 S.W.2d 543 (Tex.Civ.App.—Corpus Christi 1975, no writ).

■ We hold that defendant cannot complain in this Court of the award of attorney's fees, since it did not object to or complain of such award in the trial court. Error, if any, was not preserved for appellate review. *McDaniel v. Tucker*, supra; *Cobb v. Texas Distributors, Inc.*, supra.

Finally, we determine whether the trial court "erroneously calculated prejudgment interest awarded to plaintiff," as contended by defendant. The argument is made by defendant that prejudgment interest commenced to run on July 7, 1979, that the proper amount thereof "totals $650.66," and that the "$1,008.00" (sic) awarded by the trial court is "patently erroneous." We disagree.

On March 1, 1976, plaintiff billed defendant in the amount of $9,441.17 covering work done "for the period ending February 29, 1976," which was promptly paid by defendant. On April 2, 1976, plaintiff billed defendant for an additional $9,441.17, the remaining balance due under the contract, "for the period ending March 31, 1976." Defendant paid plaintiff $3,304.41 on the April 2 bill, but retained $6,136.76 thereof. On July 7, 1977, plaintiff billed defendant in the amount of $6,136.76, wherein it was again stated "for the period ending March 31, 1976."

■ Plaintiff was entitled to $6,136.76 on March 31, 1976, when the work called for under the contract was completed. On that date, its claim under the contract fully matured, and its cause of action accrued, irrespective of the July 7th bill. *Beck v. Lawler*, 422 S.W.2d 816 (Tex.Civ. App.—Fort Worth 1967, writ ref'd n. r. e.); *McDaniel v. Tucker*, supra, at pages 549–550. See also *Hayek v. Western Steel Company*, 469 S.W.2d 206 (Tex.Civ.App.—Corpus Christi 1971), aff'd 478 S.W.2d 786 (Tex. Sup.1972). The conditions governing the measure of plaintiff's recovery were fixed as of March 31, 1976, and plaintiff was entitled to interest from that date until date of judgment for the detention of the amount of money to which plaintiff was entitled under the action brought by it, despite the fact that the amount of its recovery was not determined until after a trial of the cause. *Adams v. Big Three Industries, Inc.*, 549 S.W.2d 411 (Tex.Civ. App.—Beaumont 1977, writ ref'd n. r. e.); *Ryan v. Thurmond*, 481 S.W.2d 199 (Tex. Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.); *Beck v. Lawler*, supra.

■ According to our calculations, interest on $6,136.76 from March 31, 1976, to May 11, 1979, at 6% per annum is considerably more than $1,008.76, the amount awarded by the trial court as prejudgment interest. However, plaintiff does not challenge the correctness of the award by a cross point. Therefore, we do not disturb the amount of money awarded by the trial court for prejudgment interest.

We have carefully considered all of defendant's points of error. They are overruled.

The judgment of the trial court is AFFIRMED.

### OPINION ON MOTION TO AMEND THE RECORD

On March 28, 1980, Irrigation Construction Company, defendant, filed a post-decision motion for leave to file a supplemental statement of facts. The original statement of facts, which included all testimony and exhibits introduced at the trial of the case, was filed in this Court on November 1, 1979. The cause was submitted on January 18, 1980. The case was decided and written opinion was delivered on March 13, 1980.

■ The burden is on the appellant to see, before submission of the cause, that a sufficient record is presented on appeal which preserves any error upon which he relies. *Estate of Arrington v. Fields*, 578 S.W.2d 173 (Tex.Civ.App.—Tyler 1979, writ ref'd n. r. e.); *Victoria Comfort Air Co. v. Alamo Express*, 529 S.W.2d 250 (Tex.Civ.

App.—Corpus Christi 1975, no writ); Rule 413, T.R.C.P.

A Court of Civil Appeals has discretion to permit the filing of a supplemental transcript or statement of facts, both before and after submission, so as to include omitted matter or to correct the record. Rules 428 and 429, T.R.C.P. However, it is well settled that the filing of a post-submission statement of facts, absent some unusual circumstances, should not be allowed after the appellate court has written its opinion and rendered its judgment. To do so would be contrary to the spirit and the purposes of Rules 413, 428 and 429. *Archer v. Storm Nursery, Inc.*, 512 S.W.2d 82 (Tex.Civ.App.—San Antonio 1974, no writ); *Coleman v. Pacific Employers Insurance Company*, 484 S.W.2d 449 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.); *Victoria Comfort Air Co. v. Alamo Express*, supra.

The tendered supplemental statement of facts contains the record of a hearing on plaintiff's motion for judgment, which was held on May 11, 1979, the same day that the judgment was signed by the trial judge. No evidence was introduced at the hearing. The court reporter signed the statement of facts relating to the hearing on June 27, 1979. No excuse is offered by defendant as to why the record pertaining to that hearing was not filed prior to submission of the cause. It does, however, argue that its motion should be granted because of the "liberal appellate policy of amending records to speak the truth so that justice may be administered between the parties."

The attorney for defendant in this appeal is the same person who represented defendant at the trial of the case and at the hearing on plaintiff's motion for judgment. He approved the original statement of facts. He signed defendant's brief. He argued the case before this Court. Under the record before us, we can only conclude that counsel for defendant had actual notice long before submission of the cause that the record concerning what happened at the hearing on plaintiff's motion for judgment was not in the original statement of facts. Even though the Rules should be given a liberal construction, no unusual circumstances have been shown to exist in this case which will permit an additional statement of facts to be filed in this Court after we have considered the case on the record and briefs originally presented, and after we have written our opinion and rendered judgment. *Saldana v. Garcia*, 155 Tex. 242, 285 S.W.2d 197 (1956); *Sympson v. Mor-Win Products, Inc.*, 501 S.W.2d 362 (Tex. Civ.App.—Fort Worth 1973, no writ); *Stanfield v. Kroll*, 484 S.W.2d 603 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.); *Bituminous Casualty Corporation v. Moore*, 396 S.W.2d 249 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.).

The motion to amend the record is denied.

## OPINION ON MOTION FOR REHEARING

Defendant, in its motion for rehearing, among other assignments of error, contends: 1) "the trial court, having rendered judgment on December 15, 1978, was without jurisdiction to render an additional judgment on May 11, 1979, containing additional provisions for attorney's fees and prejudgment interest not included in the final judgment earlier rendered on December 15, 1978"; and 2) "the Court of Civil Appeals committed fundamental error in upholding an award for attorney's fees and prejudgment interest where a final judgment was rendered by the trial court on December 15, 1978, for $6,136.76, and a purported final judgment was later entered on May 11, 1979, containing additional provisions for attorney's fees and prejudgment interest."

Defendant (appellant), on page 2 of its brief (filed on December 4, 1979), stated:

"The trial court after hearing evidence on May 22, 1978, granted judgment in favor of PLAINTIFF together with prejudgment interest and attorney's fees on May 11, 1979. It is from this judgment that Appellant has perfected its appeal."

In both its brief and in its motion for rehearing, defendant asks this Court to re-

verse the May 11, 1979, judgment of the trial court and render judgment that plaintiff take nothing, or, in the alternative, that the judgment be reversed and the cause be remanded to the trial court. We can do neither under the above-quoted assignments of error. Defendant filed its appeal bond on May 18, 1979, and filed its first motion for extension of time to file the record in this Court on July 16, 1979. Pursuant to the extensions granted by this Court, the transcript was filed in this case on July 16, 1979, and the original statement of facts was filed on November 1, 1979. Therefore, if the trial court did render a final judgment on December 15, 1978, as defendant says it did, then we could only dismiss the appeal from the May 11, 1979, judgment for lack of jurisdiction. We could not reverse and render or reverse and remand the May 11, 1979, judgment.

■■■ Trial in this case commenced on May 22, 1978. On December 15, 1978, more than six months after the conclusion of the trial, the trial judge wrote a letter to counsel for both parties. It reads, in pertinent part, as follows:

".   .   . [T]he Court is hereby granting a judgment to the plaintiff in the amount of $6,136.76   .   .   .   The plaintiff's counsel will prepare the judgment .   ."

On January 8, 1979, counsel for defendant, wrote a letter to the trial judge and sent a copy thereof to counsel for plaintiff. The letter, insofar as this appeal is concerned, reads:

"It is my understanding that the Court has granted a judgment to Plaintiff, Motheral Contractors, Inc., in the amount of $6,136.76. It is also my understanding the Court has not ruled as to the issues of prejudgment interest or attorney's fees .   .   ."

The only judgment which appears in the record is the judgment which was signed by the trial court on May 11, 1979, and from which defendant has timely perfected its appeal. There is nothing in the record which shows that a final judgment was rendered on December 15, 1978. The afore-

said letter from the judge did not constitute the rendition of a final judgment. Defendant does not by a point of error, claim that the judgment which the record shows was rendered and signed on May 11, 1979, and which awarded plaintiff the amount sued for, attorney's fees and prejudgment interest, was not in accordance with the announcement made in the letter of December 15, 1978. Counsel for defendant, in his letter of January 8, 1979, in effect, admits that the announcement did not dispose of all issues in the lawsuit.

The motion for rehearing is overruled.