**Gerald GRASSO, Appellant,**

v.

**George ELLIS, Appellee.**

**No. 16439.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 19, 1980.

Miles H. Appleberry, Deyeso & Appleberry, San Antonio, for appellant.

Edward E. DeWees, Jr., San Antonio, for appellee.

OPINION

CADENA, Chief Judge.

Appellant, Gerald Grasso, hereinafter identified as "defendant," appeals from a judgment against him and in favor of plaintiff, George Ellis, in the sum of $20,000.00. The judgment, which purports to be based on an agreement, is based on a promissory note, payable to plaintiff, signed by defendant and Romeo A. Vela, and dismisses plaintiff's suit against Vela.

There appears in the transcript a handwritten instrument, bearing no file mark, which is as follows:

8–15–79

Agreed jmt against Gerald R. Grasso for $20,000.00.

Dismiss against Romeo A. Vela with prejudice.

/s/ Ed DeWees

Approved Aug. 15, 1979.

/s/ Preston H. Dial, Jr.

George B. Ellis agrees to release jmt in full if Grasso pays to him $2,000.00 on or before Sept. 15, 1979 plus $3,000.00 on or before Nov. 15 1979 plus $3,000.00 on or before Jan. 15, 1980. If above are not paid on time, Ellis has right to enforce jmt in full, less amounts paid.

/s/ Ed DeWees

/s/ John L. Mogford, Jr.

/s/ Gerald Grasso

/s/ George B. Ellis

Approved Aug. 15, 1979

/s/ Preston H Dial Jr.

The signature, Preston H. Dial, Jr., is that of the judge who heard the case and signed the judgment in question. Ed DeWees is the attorney for plaintiff, and John L. Mogford, Jr., was the attorney for defendant.

On September 12, 1979, defendant, through newly retained counsel, filed a motion for new trial asking that the "Judgment heretofore entered on August 15, 1979, be set aside" because he had since withdrawn his consent to that "judgment."

On September 17, 1979, Judge Dial signed a judgment reading in part as follows:

> [A]nd it appearing to the Court ... That Plaintiff's cause of action is based upon a Note, and the Court finds that the Parties have agreed that Judgment be entered in favor of GEORGE B. ELLIS in the amount of $20,000.00 and that the Defendant ROMEO A. VELA, JR., be dismissed from this suit.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff GEORGE B. ELLIS, recover of and from the defendant, GERALD R. GRASSO, the sum of $20,000.00 together with interest at the rate of 9% per annum from the date of Judgment, until paid, for costs expended herein, and for all of which let execution issue if not timely paid, and that the cause of action [sic] ROMEO A. VELA, JR. be dismissed with prejudice.
>
> SIGNED AND ENTERED this 17th day of September, 1979.

The record before us does not reflect the rendition of judgment at any time prior to the signing of the order dated September 17, 1979. It is true that defendant's motion for new trial complains of a judgment "entered" on August 15, 1979. The fact that defendant believed that a judgment had been "entered" on August 15, 1979, is irrelevant in view of the fact that the record affirmatively reflects that the only judgment entered in this case was that dated September 17, 1979. In his brief, plaintiff refers to the handwritten agreement dated August 15, 1979, as a "Judgment" which "was approved by Judge Preston H. Dial Jr." A trial judge does not "approve" a judgment. The judge renders a judgment. The record does not disclose that Judge Dial rendered any judgment whatever on August 15, 1979.

■ The fact that the parties refer to their agreement as a judgment does not transform such agreement into the official pronouncement of the court.

In *Irrigation Construction Company v. Motheral Contractors, Inc.*, 599 S.W.2d 336 (Tex.Civ.App.–Corpus Christi 1980, no writ), the trial court wrote to counsel for all parties announcing that the "court is hereby granting a judgment to the plaintiff in the amount of $6,136.76.... The plaintiff's counsel will prepare the judgment." About a month later, counsel for defendant wrote a letter to the trial judge stating that it was defendant's "understanding that the Court has granted a judgment to Plaintiff ... in the amount of $6,136.76," and that it was also his understanding that the trial court had not ruled on the issues of prejudgment interest or attorney's fees. The only judgment appearing in the record was dated several months later. The Court held that there was nothing in the record showing that a final judgment was "rendered" on the date when the trial judge wrote his letter, and that the judge's letter did not constitute rendition of a final judgment. 599 S.W.2d at 345. It is clear that defendant's belief that a judgment had been "granted" in favor of plaintiff was not considered of importance.

■ If no judgment had been rendered in this case prior to September 17, 1979, it is clear that the judgment on that date was rendered after defendant, by the instrument dated September 12, 1979, and designated as a motion for new trial, had made known that he no longer consented to such "judgment." Since, at the time the agreed judgment was rendered defendant had withdrawn his consent, it is clear that the

judgment based on the August 15 agreement cannot stand. A court's power to render an agreed judgment is based on the existence of the consent of all parties at the time of rendition of the judgment, and a party may withdraw his consent at any time prior to the time of rendition. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951); *Vineyard v. Wilson*, 597 S.W.2d 21 (Tex.Civ.App.–Dallas 1980, no writ).

■ In any event, the judgment in this case does not conform to the August 15, 1979, agreement. It contains no provisions relating to release of the judgment by plaintiff on payment by defendant of the amounts specified in the second portion of the August 15, 1979, agreement. A final judgment based upon a settlement agreement reached by the parties must be in strict compliance with the agreement on which it purports to be based. *Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292 (Tex.1976).

Plaintiff argues that the portion of the August 15, 1979, agreement obligating plaintiff to release defendant if certain payments were made was not a part of the "Judgment which was approved by the Judge at the top of the August 15th, 1979 judgment." We have already held that the handwritten instrument dated August 15, 1979, is not a judgment. If the portion relating to the release is not a part of the "top" portion of that instrument, then there is no basis for holding that defendant entered into any agreement whatever, since defendant did not, personally or by his attorney, sign the "top" portion. The only reference to an agreed judgment is signed only by the attorney for plaintiff. If we conclude that the top and bottom portions must be construed separately, there is no basis for holding that defendant agreed to a judgment against him for $20,000.00.

The judgment of the trial court is reversed and the cause is remanded to the trial court.